**Walter PARCINSKI,
Plaintiff-Cross-Appellant-Appellee,**

v.

**The OUTLET COMPANY, et al.,
Defendants-Appellants-Cross-Appellees.**

**Cal. Nos. 31, 65, Dockets 81–7248,
81–7298.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 28, 1981.
Decided Feb. 22, 1982.

---

Joseph Garrison, New Haven, Conn. (Janet Bond Arterton, New Haven, Conn., on the brief), for plaintiff-cross-appellant-appellee.

Norman Singer, Washington, D.C. (Henry S. Stewart, Washington, D.C., on the brief), for defendants-appellants-cross-appellees.

Before LUMBARD and VAN GRAAFEI-LAND, Circuit Judges, and BONSAL, District Judge.[*]

VAN GRAAFEILAND, Circuit Judge:

The Outlet Company and The Edward Malley Company appeal from a judgment of the United States District Court for the District of Connecticut, Daly, J., which followed a jury verdict in favor of plaintiff Walter Parcinski, and from Judge Daly's order denying defendants' motion for judgment n.o.v. Plaintiff filed what he termed a "cross-appeal" on the ground that Fed.R. Civ.P. 50(b) precluded the district court from considering the merits of defendants' motion for judgment n.o.v. For the reasons discussed below, we hold that the proof did not create a question of fact for the jury, and we reverse with instructions to dismiss the complaint.

Plaintiff was discharged from his employment at The Edward Malley Company of New Haven, Connecticut in June 1977. At the time of his termination, plaintiff was employed as a buyer in housewares, small electrics and the "wooden shop". He was sixty-three years old and had been with Malley for thirty-two years.

Plaintiff's termination occurred after The Outlet Company decided to acquire Malley as the eighth store in its department stores division. Outlet purchased the debt-ridden Malley store for $100 plus assumption of Malley's indebtedness. In the hope that it could convert Malley into a profitable operation, Outlet planned to operate its new acquisition as a branch store, with buying and merchandising handled through Outlet's central purchasing office in Providence, Rhode Island. This new scheme of organization entailed the elimination of Malley's buying and merchandising staff of which plaintiff was a member.

On April 3, 1978, plaintiff engaged an attorney to handle his claim for a pension from Outlet. On May 2, 1978, plaintiff sued Outlet in the United States District Court for the District of Rhode Island, but the case was dismissed for lack of subject matter jurisdiction. On May 7, 1979, after retaining new counsel, plaintiff notified the United States Department of Labor of his intent to sue under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–34. This action was begun on June 21, 1979.

After trial before Judge Daly, the jury returned a verdict for plaintiff in the amount of $93,500, to which the court added

[*] Of the Southern District of New York, sitting by designation.

$93,500 in liquidated damages pursuant to 29 U.S.C. §§ 626(b) and 216(b). Notwithstanding plaintiff's claim that the defendants had failed to preserve their right to move for judgment n.o.v., Judge Daly considered and denied the motion on the merits.

Defendants present this Court with a two-pronged argument for reversal. In addition to their basic contention that plaintiff's claim of discrimination is without merit, they argue that plaintiff is barred from asserting the claim because his notice of intent to sue was not filed with the Department of Labor within the 300-day limitation period of 29 U.S.C. § 626(d)(2), which is applicable in the State of Connecticut. *Postemski v. Pratt & Whitney Aircraft*, 443 F.Supp. 101, 102–03 (D.Conn. 1977). Plaintiff asserts in response that defendants did not preserve this argument by articulating it in their motion for judgment n.o.v., and that, in any event, it would be inequitable not to toll the running of the limitation period. Defendants advance a number of reasons why both of these arguments should be rejected. Because our review of the record satisfies us that plaintiff has not established that he was discharged because of his age, 29 U.S.C. § 623(a)(1), we see no reason to follow the parties into the procedural thicket created by the foregoing arguments. Instead, we will proceed directly to the merits of plaintiff's claim.

■ Under the ADEA, an employer may not discharge an employee because of his age, but may discharge an elderly employee for reasonable factors other than age or for good cause. 29 U.S.C. § 623(f)(1, 3). The employee has the burden of proving that age was a "causative or determinative factor, one that made a difference in deciding whether the plaintiff should be employed." *Geller v. Markham*, 635 F.2d 1027, 1035 (2d Cir. 1980). The employer is not required to prove that there was a justifiable cause for the employee's discharge. *Stanojev v. Ebasco Services, Inc.*, 643 F.2d 914, 921 (2d Cir. 1981). So long as the employer gives a legitimate reason for the discharge, the employee has the burden of proving that the

discharge resulted, in part at least, from intentional discrimination. *See Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). That burden has not been met in this case.

■ Since we are required, when reviewing a judgment n.o.v. ruling, to view the evidence most favorably to the party against whom the motion was made, *Samuels v. Health and Hospitals Corp.*, 591 F.2d 195, 198 (2d Cir. 1979), the summary of facts contained in plaintiff-appellee's brief will serve as a good starting point for our discussion. According to plaintiff, Outlet "determined to operate the Malley Company as a branch store" and, "[i]nstead of retaining buyers, Outlet created jobs at lower salaries as department managers." "Outlet did not pursue options other than the mass firings of the Malley buyers, although these options were available." It did not conduct "evaluations of employees", "determine whether Malley employees were more productive than its own employees", "compare absentee rates or efficiency factors nor the comparative costs of Malley buyers against their [sic] own." Outlet "did not follow a policy of attrition", "did not reduce salaries across the board", "change the relationship between salaries and bonuses", "offer outplacement facilities of any kind."

This evidence obviously placed Outlet in a bad light with the jury. However, it did not satisfy plaintiff's burden of proof. The Act does not forbid essential corporate belt-tightening having no discriminatory motivation. *Stanojev v. Ebasco Services, Inc., supra*, 643 F.2d at 921–22. Indeed, the "mass firings" which took place in this case undermine, rather than support, plaintiff's claim of individual discrimination.

The evidence shows that the decision to eliminate Malley's buying staff was made prior to any consideration of the buyers' ages. Only four out of thirty buyers were assigned to new positions within Malley. Three of these four were within the age range protected by the ADEA. Plaintiff produced no evidence that age was a consid-

eration in the relocation decision. Neither did plaintiff show any practices by defendants that could raise an inference of discriminatory animus.

Malley's precarious financial situation, the economic benefits accruing to branch operations, and the fact that Outlet operated its other department stores as branch outfits all demonstrate that the reorganization was a business decision made on a rational basis. The Age Discrimination in Employment Act does not authorize the courts to judge the wisdom of a corporation's business decisions. *Kephart v. Institute of Gas Technology*, 630 F.2d 1217, 1223 (7th Cir. 1980); *Havelick v. Julius Wile Sons & Co.*, 445 F.Supp. 919, 926 (S.D.N.Y. 1978).

Plaintiff does not, and legitimately cannot, fault Outlet's decision to treat financially troubled Malley as a branch store rather than a separate business entity and to centralize all of Malley's purchasing in Outlet's Providence office. With separate buying thus eliminated, Malley buyers no longer had any duties to perform, and the job of buyer was eliminated, a move motivated solely by economy. Assuming that there were lower echelon, poorer paying jobs in the restructured enterprise which buyers were qualified to fill, Outlet would be met with serious morale problems arising out of the substantial reductions in responsibilities and salaries that would accompany such moves. These were matters of concern for Outlet, not pretextual arguments. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668 (1973).

The ADEA does not require an employer to accord special treatment to employees over forty years of age. *Williams v. General Motors Corp.*, 656 F.2d 120, 129 (5th Cir. 1981). It requires, instead, that an employee's age be treated in a neutral fashion, neither facilitating nor hindering advancement, demotion, or discharge. *Id.* Since membership in the protected age group is constantly expanding, any rule which mandated preferential treatment for members of the group eventually would limit, and in some cases virtually eliminate, employment opportunities for younger men and women. Because the record herein is utterly devoid of any proof of discriminatory motivation on the part of appellants, the judgment against them is reversed and the matter is remanded to the district court with instructions to dismiss the complaint. *See Stanojev v. Ebasco Services, Inc., supra; Douglas v. Anderson*, 656 F.2d 528 (9th Cir. 1981); *Williams v. General Motors Corp., supra.*

Reversed.