**Mesdeo RUBIS, Mariano LaBella, William Mullins, Jr., Ronald Hunter, and Stanley A. Reichert, Plaintiffs,**

v.

**McGRAW–EDISON COMPANY POWER SYSTEMS DIVISION, a corporation, Defendant.**

Civ. A. No. 82–2496.

United States District Court, W.D. Pennsylvania.

Sept. 7, 1983.

Thomas W. Brown, Pittsburgh, Pa., for plaintiffs.

Mark R. Hornak, Bushanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for defendant.

### MEMORANDUM OPINION

WEBER, District Judge.

Defendant has moved for summary judgment in this age discrimination action. Because we conclude that plaintiffs have submitted evidentiary materials sufficient to raise material issues of fact, summary judgment is inappropriate and defendant's motion will therefore be denied.

Plaintiffs were supervisors at defendant's Canonsburg plant, and each was terminated

on November 20, 1980. The plaintiffs ranged in age from 52 to 59 at the time of termination. The complaint alleges a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. in that their termination was improperly based on age.

 Plaintiffs are all within the protected age group under the Act and it is undenied for purposes of the motion that each was qualified for the production supervisor position. It also appears that younger supervisors were retained when plaintiffs were discharged. Consequently, plaintiffs have made out a prima facie case under the Act. *Smithers v. Bailar,* 629 F.2d 892 (3d Cir.1980).

Defendant has alleged that termination of plaintiffs was necessitated by economic factors and was based on performance evaluations without regard to age. Defendant has thus articulated a legitimate, non-discriminatory reason for the discharge. The burden now rests on the plaintiffs to establish that this articulated reason is a mere pretext for discriminatory action. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Smithers,* 629 F.2d 892.

Defendant by its motion contends that there exists no material issue of fact as to the reason for plaintiffs' termination. Defendant argues that plaintiffs are unable to counter the company's asserted non-discriminatory motive and can advance no evidence of discriminatory intent beyond the plaintiffs' own conclusory statements.

It is true that the plaintiffs have not produced a "smoking gun", but one is not necessary to prevail. Suits under the Act are, by their nature, often built on circumstantial evidence. In examining the evidentiary material submitted, we conclude that plaintiffs have submitted evidence sufficient to raise an issue of fact as to the company's true motivation for the discharge.

Plaintiffs have identified a number of instances in which younger men were retained as supervisors although they had performance ratings similar to or below those of the discharged plaintiffs. Furthermore, plaintiffs raise some questions about the application of the performance evaluation ratings by advancing evidence that the plaintiffs were accomplished supervisors.

Most important for purposes of this motion is the testimony of Zubenko and Stewart that discrimination on the basis of age is common within the defendant company, is evidenced by past practices, and represents an unwritten management policy to maintain a comparatively young supervisory force. The statement by Stewart may be due particular attention because of his past positions in upper management at the Canonsburg plant.

Although many factors may refute this evidence described above, including attacks on credibility, such issues are properly developed and resolved at trial. For the reasons described above we conclude that material issues of fact exist which preclude summary judgment, and defendant's motion will therefore be denied.