John T. GRAHAM, Plaintiff,

v.

F.B. LEOPOLD COMPANY, INC., a Mueller Co., Defendant.

Civ. A. No. 84–1355.

United States District Court,
W.D. Pennsylvania.

Feb. 27, 1985.

John C. Unkovic, David J. McAllister, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

**1424**

Frank P. Krizner, Evans City, Pa., for plaintiff.

## OPINION

WEBER, District Judge.

This age discrimination case, alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–5(f)(3), and the Age Discrimination in Employment Act, 29 U.S.C. § 626(c), is now before the court on defendant's motion for summary judgment. Both parties have submitted briefs which rely on deposition testimony.

Defendant claims that there is no genuine issue of material fact and that plaintiff cannot establish his claims as a matter of law. If this is so, Fed.R.Civ.P. 56 entitles defendant to have summary judgment granted in his favor. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ Defendant first argues that ADEA is the exclusive federal remedy for age discrimination and that Title VII of the Civil Rights Act accords no cause of action for the redress of age discrimination. Plaintiff does not dispute this argument. We agree that a simple reading of these two statutes indicates that only 29 U.S.C. § 623 is applicable. Therefore plaintiff's Count I alleging a violation of Title VII of the Civil Rights Act by age discrimination will be dismissed.

■ Defendant next argues that plaintiff cannot satisfy the elements of a *prima facie* case or otherwise create a genuine issue of material fact regarding the alleged occurrence of age discrimination to warrant a trial. On this summary judgment motion, we must determine whether the facts, considered in a light most favorable to the plaintiff, state a claim for relief. The order of proof in this ADEA case, according to *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), requires that plaintiff must make out a prima facie case of age discrimination by proving that:

1) he is within the protected age group of 40–70 years;

2) he was subject to adverse employment action;

3) he was qualified for the position in question, and

4) younger employees were treated more favorably.

Proof of these facts raises a rebuttable presumption of discrimination which defendant may counter by presenting a legitimate, non-discriminatory reason for the employment action. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). Nevertheless, the plaintiff must still bear the ultimate burden of establishing that age was a determining factor in his discharge by a preponderance of the evidence. *Smith v. Flax,* 618 F.2d 1062 (4th Cir.1980).

■ In the present case, it is undisputed that Graham was 52 years of age when he was terminated from his position as Plant Superintendent of the Fiberglass Plant in December 1983. He had been with the company for 24 years. His position was filled by Jim Green, a foreman from the Clari-vac plant who was 41 years of age and had been an employee for approximately five years. Further, while there is some dispute about plaintiff's qualifications for the position he held, at least as compared with other management level employees holding similar positions (*See* Lyons Dep.Tr. at 51), for purposes of this motion we will assume that plaintiff has sufficiently met his burden of showing that he was qualified, thereby establishing a *prima facie* case.

Defendant must, in turn, present its legitimate, nondiscriminatory reason for the employment action. Defendant has done so by stating that certain problems were noted in 1983 in Leopold's management, including a decline in Leopold's profitability. (Lyons Dep. Tr. at 14–15, 17–18; based on 1982 and 1983 operation data). Sales of products manufactured by the Plastic plants were down. (Lyons Dep. Tr. at 24–25, 43, 48; Goyak Dep. Tr. at 77). In light of this Mueller, the parent company, deter-

mined that steps would be taken to reverse the downward turn, including a reduction in work force and the consolidation of five management jobs into four jobs. (Lyons Dep. Tr. at 18, 20, 22–23; Goyak Dep. Tr. at 84, 91). These five positions were viewed as the Leopold plant's management group and were treated equally for purposes of consolidation. (Lyons Dep. Tr. at 22). When plaintiff's job performance was compared to that of the other four employees, he had the least favorable performance rating (Lyons Dep. Tr. at 41, 50; Goyak Dep. Tr. at 91–92, 93). Also plaintiff was the only one of the five employed in the plastics plant, and Leopold was contemplating a shutdown of the Plastics plant at that time. (Goyak, Dep. Tr. at 77–79, 81–82, 91–92). For these reasons, Mr. Goyak, Leopold's Vice-President of Engineering and Operations Manager, recommended to Robert W. Lyons, Leopold's president, that plaintiff be terminated. (Lyons Dep. Tr. at 36). Mr. Lyons made the final decision. (Lyons Dep. Tr. at 26, 36, 50–51, 54; Goyak Dep. Tr. at 69). Plaintiff was one of 24 employees who were laid off by Leopold in late 1983. (Lyons Dep. Tr. at 20, 22–25, 30; Goyak Dep. Tr. at 67). Moreover Jim Green who filled plaintiff's position was 41 years old and also a member of the protected age group. (Lyons Dep. Tr. at 32–33, 39). Green received a higher evaluation than plaintiff. When Green assumed plaintiff's position, Green's previous job in the Clari-vac plant was abolished (Lyons Dep. Tr. at 40; Goyak Dep. Tr. at 80) in line with the company's reorganization.

We note that defendant's burden is light and that the evidence, as stated, need only raise a factual issue on the motivation for the plaintiff's termination. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. at 254–255, 101 S.Ct. at 1094. Defendant has rebutted the presumption of discrimination, and plaintiff must proceed to show that defendant's reasons are a pretext, or that evidence exists proving defendant's discriminatory intent.

Plaintiff first argues that defendant's reasons are pretextual. Plaintiff's strongest evidence is his own testimony that prior to his notice of termination, Mr. Goyak had told him that he was "in the protected age group" and that he should get a lawyer. (Plaintiff's Brief at 3, *but see* Graham Dept. Tr. at 29, 30, 42, 59, 60, 76). Goyak's testimony disputes this (Goyak Dep. Tr. at 95–96). In this regard plaintiff's testimony warrants direct quoting: "... He [referring to Goyak] said he would advise me to get a lawyer and fight this thing." (Graham Dep. Tr. at 30). "He said [again referring to Goyak] if I were you, I would get a lawyer and fight this." (Graham Dep. Tr. at 30). And later, plaintiff testified, "As a matter of fact, yes, George Goyak did tell me I was in the protected age group". The next question asked was "And did you ask him what he meant by that?" Plaintiff answered: "Well I knew what he meant by that, that I was in an age bracket and that I just couldn't be talked (sic) out on the street." (Graham Dep. Tr. at 42). Plaintiff's own testimony further states that Goyak told plaintiff directly that he was being let go due to a reorganization, that Goyak never indicated to him that age was a factor in his termination, nor did any other person in the company. (Graham Dep. Tr. at 42–43, 49). Goyak indicated at his deposition that while he believed the elimination of fixed costs was necessary for the survival of the company, his personal feelings about plaintiff's termination were of sorrow and pity. (Goyak Dep. Tr. at 89).

We cannot infer from the evidence or from the inferences reasonably drawn from plaintiff's testimony regarding an isolated comment by Goyak that age was a factor in the decision to terminate the plaintiff.[1] We do infer that Goyak, who was forced to chose which one man-

---

1. We recognize that plaintiff has raised additional factual arguments in his brief, but since we do not believe that these arguments, either individually or in combination, raise any genuine issue of material fact and/or that they are unsupported by the evidence we will not address them individually.

agement person among the five would be terminated, was somewhat angry and uncomfortable about plaintiff's termination. We interpret Goyak's statements to plaintiff to be a show of support for the plaintiff. We note, however, there is no dispute that Goyak did recommend plaintiff to be terminated, and that he told plaintiff directly his recommendation was based on factors other than age. We take Goyak's comment about plaintiff being in a protected age group as a layman's suggestion that Graham's age might provide him with some extra legal protections not afforded to others, rather than as an intent to discriminate because of age. We, therefore, find plaintiff's evidence insufficient as a matter of law to show either that defendant's legitimate nondiscriminatory reason was a pretext, or that defendant had a discriminatory intent in terminating the plaintiff.[2] On this summary judgment motion, we must accept plaintiff's statements as true and grant plaintiff the benefit of all inferences that can reasonably be drawn therefrom. At the same time the party opposing summary judgment may not rest on the allegations of his pleadings or upon bare assertions, conclusory allegations, suspicions or doubts, but must, by affidavit or otherwise set forth *specific facts* showing that there is a genuine issue for trial. *Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981).[3] Significantly, plaintiff does not provide evidence that disputes the adverse economic conditions affecting the plant in 1983 or the fact that numerous layoffs took place before and after plaintiff's termination. Nor does plaintiff dispute that his performance ratings were the lowest of the five management personnel then employed by defendant at the Leopold plant whose positions were then being consolidated into four positions. Plaintiff has not identified anyone who was younger, who retained employment with defendant, and who had inferior performance ratings to his own and is not alleging any pattern of age discrimination. For all of the above stated reasons, we believe that this case is akin to *Pierce v. New Process Company,* 580 F.Supp. 1543, 1546 (W.D.Pa.1984); *aff'd. without opinion,* 749 F.2d 27 (3d Cir.1984).[4] There being no prior pattern of age discrimination and insufficient facts in which to state an age discrimination claim, summary judgment for defendant will be granted.

**2.** There must be some basic evidentiary fact to permit the trier of fact to draw a reasonable and permissible inference of intent to discriminate. *Nash v. Jacqueline Cochran, Inc.,* 548 F.Supp. 676, 680 (S.D.N.Y.1982). We do not deal here with defendant's arguments that it is not Goyak's intent but Lyon's intent that would bear examination by this court, since we do not find that Goyak's statements and the inferences reasonably drawn from them as alleged by the plaintiff are sufficient to show that age was a factor in plaintiff's termination. Defendant cites *LaMontagne v. American Convenience Products, Inc.,* 36 FEP Cases 913 (7th Cir.1984) for the proposition that it is only Lyon's intent, as the ultimate decision-maker, that should be considered. Plaintiff argues that Lyons acted on Goyak's recommendation and therefore Goyak's intent is pertinent despite the fact that Lyons was the ultimate decision-maker.

**3.** The establishment of a prima facie case of age discrimination does not require submission of the case to the jury, *Keller v. Bluemle,* 571 F.Supp. 364 (E.D.Pa.1983), *aff'd without opinion,* 735 F.2d 134 (2d Cir.1984), nor does it preclude summary determination.

**4.** Plaintiff argues that this case resembles more the situation in *Rubis v. McGraw-Edison Co. Power Systems Div.,* 570 F.Supp. 27 (W.D.Pa. 1983), in which this court refused to grant summary judgment on behalf of the company in an age discrimination case. There the court examined the evidentiary materials submitted and found that 1) younger men had been retained as supervisors though their performance ratings were similar or lower than plaintiff's, 2) the performance evaluation ratings may have been inapplicable to plaintiff's and 3) importantly, the defendant company had a past practice of age discrimination representing unwritten management policies to maintain young supervisors. Thus a material issue of fact remained for trial. None of these facts are present here. In fact, plaintiff forthrightly admits that he had never known age to be a factor in defendant's employment actions in the past, and that he was not alleging that his termination was part of a general pattern of age discrimination. (Graham Dep.Tr. at 76–77). We find that these admissions also distinguish *Meschino v. International Telephone and Telegraph Corp.,* 563 F.Supp. 1066 (S.D.N.Y.1983) which was cited by plaintiff.