EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

JONES & LAUGHLIN STEEL CORPORATION, Defendant.

Civ. A. No. 84–1851.

United States District Court, W.D. Pennsylvania.

Aug. 15, 1985.

---

Henry Koltys, E.E.O.C., Philadelphia, Pa., for plaintiff.

John C. Unkovic, Pittsburgh, Pa., for defendant.

## MEMORANDUM

McCUNE, District Judge.

In this action brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 e *et seq.*, the plaintiff, Equal Employment Opportunity Commission and charging party, Nancy Herdt,[1] allege that the defendant, Jones & Laughlin Steel Corporation (J & L), engaged in employment practices which discriminated against women.

We consider the defendant's motion for summary judgment.

### Facts

The plaintiff was employed by J&L from July of 1950 until February of 1983 at which time she was laid off from her position as a Customer Service Correspondent (CSC) at J & L's Aliquippa Works 14" Mill.

Following plaintiff's layoff a male employee, Larry Musante, who had been on "Layoff-Recall Likely," was called back to replace the plaintiff.

The plaintiff shortly thereafter filed a sex discrimination complaint with the EEOC alleging that she (1) belongs to a protected group (female), (2) she was performing her job in a satisfactory manner, and (3) she was laid off in order to rehire a male employee.

In response to these charges the defendant contends that due to economic conditions, plaintiff's unwillingness to perform certain down river duties and her overall performance, it was in the best interest of the corporation to lay off the plaintiff and recall Musante, who was judged to be the most productive, flexible and qualified for the CSC position. The defendant submits that the plaintiff's sex was not a factor in determining which employees would be retained. Based on the above, the defendant contends that it has rebutted the plaintiff's prima facie case and further argues that since the plaintiff has not offered any evidence of pretext it is entitled to summary judgment as a matter of law.

### Discussion

The Third Circuit Court of Appeals has recently held that a prima facie case is easily made out in a Title VII suit. All that parties alleging a discriminatory layoff need show is that they were laid off from a job for which they were qualified while others not in the protected class were retained. *Bellissimo v. Westinghouse Electric Corp., et al.,* 764 F.2d 175 (3d Cir. 1985).

We find that the plaintiff has made out a prima facie case. Mrs. Herdt has shown, and the defendant cannot dispute, that she was laid off from a position

---

**1.** For ease of discussion the EEOC and charging party will be referred to collectively as the plaintiff.

which she was satisfactorily performing and that she was replaced by a man.

A layoff, however, is not per se disparate treatment. It violates Title VII only if it is made on a basis that would not result in the layoff of a male employee. *Bellissimo, supra* citing *Moore v. City of Charlotte,* 754 F.2d 1100, 1106, 1110 (4th Cir.1985).

In order to rebutt the inference of discrimination raised in the plaintiff's prima facie showing, the defendant must set forth valid, non-discriminatory reasons for its actions. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

█ In the instant case it is undisputed that from 1981 to 1983, J & L experienced a serious decline in its business. This decline in business resulted in a reduction in the number of salaried employees at the defendant's Aliquippa works.

J & L adhered to the policy of retaining those employees who best met its needs based on the individual's experience, performance, skills and ability.

The plaintiff's replacement, Larry Musante, was at one time a Correspondent, Chief Correspondent and plaintiff's Supervisor at the 14″ Mill. He later was Chief Correspondent at the Seamless Tube Plant but due to a poor seamless tube market his position was eliminated and he was placed on "Layoff-Recall Likely." Musante was rated as "Beyond Full Standards" while Chief Correspondent at both the 14″ Mill and Seamless Tube operation and had excellant evaluations through most of his career. Thus one could reasonably conclude that although the plaintiff was a good employee, Musante was the more experienced and qualified.

In reviewing the affidavits, depositions and other evidence of record we find support for the defendant's position and conclude that the defendant has set forth valid, non-discriminatory reasons for its actions, thus shifting the burden to the plaintiff to demonstrate that the reasons set forth by the defendant were a mere pretext for discrimination.

It is at this stage of the shifting burden of proof that the plaintiff has difficulty in making out its case. Although the plaintiff contends in its briefs that there are issues of fact to be determined regarding whether Musante was truly the better employee, the plaintiff fails to offer any evidence which rebutts the deposition testimony and documentary evidence submitted by the defendant which supports defendant's position. The plaintiff merely argues that it should be given the opportunity to show that this is mere pretext without offering any evidence which raises a genuine issue of fact.

Furthermore, the plaintiff stipulated at the pretrial conference held in the instant case that its only evidence of discrimination is the testimony of the plaintiff. The plaintiff can point to no specific facts other than her own speculation that shows sex discrimination.

Plaintiff specifically denies ever being told that she was laid off because of her sex and does not possess any documents that would support her claim other than those already made a part of the record.

Plaintiff attempts to raise an issue of fact in a footnote on page 7 of her second response to defendant's motion for summary judgment by stating that she will show at trial that the few female CSC's with the defendant were also replaced by males. Plaintiff fails to support this contention, however, with any evidence whatsoever. It is well settled that a party may not raise a genuine issue of fact by merely stating so in its brief, but must by affidavit or otherwise set forth specific facts showing there is a genuine issue for trial. *Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981). Plaintiff has failed to do this.

Setting forth a prima facie case of discrimination does not preclude the entering of summary judgment. *Graham v. F.B. Leopold Company, Inc.,* 602 F.Supp. 1423 (W.D.Pa.1985). When the defendant sets forth valid, non-discriminatory reasons for its actions, which are supported by the record, the ultimate burden to show pretext rests with the plaintiff. In the instant

case, the plaintiff has failed to offer any evidence which raises a genuine issue of fact regarding whether the reasons offered by the defendant for the layoff were pretextual.

Absent any genuine issue of material fact, the defendant is entitled to a judgment as a matter of law.