SUMMARY ORDER
Plaintiffs-appellants Timothy J. Deebs and William Drake appeal from the judgment, dated April 30, 2008, of the United States District Court for the Western District of New York (Larimer, J.), granting the summary judgment motion of defendant-appellant ALSTOM Transportation, Inc. (“ALSTOM”) as to all of their claims. The judgment memorializes the district court’s decision and order, dated April 29, 2008, which granted the summary judgment motion. See Deebs v. ALSTOM Transportation, Inc., 550 F.Supp.2d 385 (W.D.N.Y.2008).
We assume the parties’ familiarity with the events giving rise to the instant suit and we therefore set forth no detailed recitation of the facts. This is an age discrimination action brought pursuant to the Age Discrimination in Employment Act (“ADEA”), 29 U.S.C. Section 62 et seq., and New York Human Rights Law, N.Y. Exec. Law Section 290 et seq. There is no dispute that both of the plaintiffs are of sufficient age to invoke the protection of these statutes and that they both properly exhausted their administrative remedies before filing suit.
*656 Both plaintiffs were formerly employed by ALSTOM, a firm that manufactures railway cars. According to the first amended complaint, Drake worked for ALSTOM and its predecessor firm from 1985 until his termination, on May 25, 2005, at which time he held the position of Production Line Supervisor. The responsibilities of this position included the supervision of craft workers. ALSTOM’s central response to Drake’s claim of discrimination is that his termination, which occurred as part of a general force reduction, was proper because Drake had significant shortcomings with respect to meeting the challenges of his supervisory role.
Deebs was initially offered employment by ALSTOM for the position of Test Technician on May 29, 2002. This offer was made in spite of the fact that Deebs had received a failing grade of 55% — a pass required a score of 65% — on a test of electronics knowledge. The supervisor who hired Deebs, Gerald W. Van Dyke, stated in an affidavit that he decided to hire Deebs in spite of his failing grade because ALSTOM “was in desperate need of test technicians on the second shift at that time.” Deebs re-took the electronics knowledge test on July 6, 2005 and this time received the failing grade of 38%. Van Dyke decided to terminate Deebs on July 27, 2005. ALSTOM contends, inter alia, that Deebs was terminated because of his failing grades on the test, and in turn, his failure to improve his work performance in response to criticism by supervisors. In March 2006 an employment agency hired Deebs and assigned him to work in ALSTOM’s warehouse performing quality control functions. In slightly over a week, however, Deebs was removed from the position. Deebs alleges that this firing was an act of retaliation by ALSTOM for his having filed a discrimination complaint with the EEOC.
“We review a grant of summary judgment de novo.” Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir.2008). As did the district court, we analyze the plaintiffs’ ADEA claims under the familiar standard set forth , in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466-67 (2d Cir.2001) (applying McDonnell Douglas test to ADEA claim). The plaintiffs’ claims under New York State Human Rights Law are subject to the same analysis. See id. at 466.
The district court’s well-reasoned opinion should be affirmed. We first note that both plaintiffs rely almost exclusively upon their own deposition testimony in order to support their claims. We therefore think ALSTOM correctly asserts that “the only ‘evidence’ cited in plaintiffs’ brief is their own self-serving testimony” and that the plaintiffs have “made no attempt ... to square their own speculative, and subjective, testimony with the hard evidence adduced during discovery.” Such evidence is insufficient to defeat summary judgment. See Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir.1985) (allowing “a party to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars, would necessitate a trial” in all employment discrimination actions). Even if this Court assumes that both plaintiffs have made out a prima facie case under the ADEA, both of them have failed to adduce sufficient evidence to raise a material issue of fact as to whether ALSTOM’s asserted reasons for their terminations are pretextual subterfuges for discriminatory conduct.
With respect to Drake’s claim, the record amply demonstrates that, long before his termination, his superiors were concerned with his brusque manner in *657 dealing with those employees he was charged with supervising. Most importantly, this Court has long held that ADEA claims arising from the results of a firm’s force reduction will generally not lie where the record “demonstrate[s] that the reorganization was a business decision made on a rational basis.” Parcinski v. Outlet Co., 673 F.2d 34, 37 (2d Cir.1982). The record plainly so demonstrates here.
It is of no moment that Drake “was never informed about a reduction in force” before he was terminated. And Drake’s vague assertion that “younger employees were hired during the time of [his] termination is insufficient to raise a material issue of fact as to whether Drake’s position was eliminated pursuant to a legitimate reduction in force. First, ALSTOM provides unrebutted evidence of Drake’s history of performance issues regarding his relations with other employees. Second, and more importantly, Drake does nothing to counter ALSTOM’s demonstration that the reduction in force left a considerable number of ADEA-protected employees in their jobs, while claiming the jobs of a number of younger employees, facts which the district court correctly found were highly indicative of a lack of discriminatory intent. See, e.g., Parcinski, 673 F.2d at 36-37 (fact that 75% of work force left after force reduction was under ADEA protection demonstrates lack of age-based animus).
If anything, Deebs’s claims are even weaker. The record amply demonstrates that Deebs’s performance evaluations were sub-standard from the date of his employment with ALSTOM. It is undisputed that he twice failed ALSTOM’s test of basic electronics knowledge— achieving a significantly lower score the second time he took the exam—and Deebs does not dispute that the exam is relevant to the assessment of an employee’s qualifications, nor does he cite any evidence which would suggest otherwise. Rather, he asserts that at least one younger employee was allowed to cheat so that he could pass the test. But Deebs bases this assertion upon his own deposition testimony that this younger employee disclosed the cheating to him. The younger employee, in his own deposition testimony, flatly denies that any cheating took place or that he made any such statement to Deebs. Moreover, while Deebs asserts in his brief on this appeal that he has tape-recorded proof to support this claim, his deposition testimony avers only that he taped a conversation with the younger employee. The testimony makes no reference to the content of the taped conversation, and the recording itself has not been placed in the record. The record therefore contains no admissible evidence to support Deebs’s claims. In sum, ALSTOM has made the case that Deebs was terminated because “he lacked competence, he failed basic electronics skills tests that were administered to assess those skills, and he failed to successfully complete” a term of probationary employment.
Finally, Deebs’s claim that his second termination by ALSTOM—the termination from the warehouse position—was retaliatory also fails. Even assuming that the firm can be charged with knowledge that Deebs had filed a discrimination complaint with the EEOC prior to the second termination, Deebs supports his claim of retaliation with nothing but the proximity between his administrative filing and his second firing. But the law is clear that “[w]here timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise.” Slattery v. Swiss Reinsurance America Corp., 248 F.3d 87, 95 (2d Cir.2001) (no inference of retaliation where plaintiff was *658 placed on probation and fired a short time after filing an EEOC complaint since the adverse employment actions were part of an extensive period of discipline which began five months prior to the filing). Because of Deebs’s poor performance record, and subsequent legitimate firing on the basis of that record, Deebs’s second firing does not raise an inference of retaliation because ALSTOM had a basis to believe he would be a poor employee.
For the reasons stated above, the judgment the district court is hereby AFFIRMED.