**Carl Lee JOHNSON, Appellant,**

v.

**Officer SWYKA, Capt. L.G. Tohey, Robert Maroney, Deputy Supt., George Petsock, Superintendent.**

**No. 82–5594.**

United States Court of Appeals, Third Circuit.

Submitted under Rule 12(6) on Feb. 10, 1983.

Decided Feb. 18, 1983.

Carl Lee Johnson, pro se.

Leroy S. Zimmerman, Atty. Gen., Harrisburg, Pa., Jose Hernandez-Cuebas, Deputy Atty. Gen., Pittsburgh, Pa., for appellee.

Before ALDISERT, HUNTER and SLOVITER, Circuit Judges.

**OPINION OF THE COURT**

PER CURIAM.

In our recent decision in *Knoll v. Springfield Township School District,* 699 F.2d 137 (3d Cir. 1983), we held that, in a claim against state officers for employment discrimination brought under 42 U.S.C. § 1983, it was improper to utilize the Pennsylvania six-month limitation period provided by 42 Pa.Cons.Stat.Ann. § 5522(b)(1). Here, the district court accepted the recommendation of a magis-

trate who determined that plaintiff's § 1983 action alleging that state prison officials had denied him due process was barred by § 5522(b)(1). We are vacating the judgment of the district court and remanding for reconsideration in light of *Knoll.*

In his complaint, Carl Lee Johnson, a prisoner at the State Correctional Institution at Pittsburgh, alleged that he was taken to the institution's Restricted Housing Unit following a sit-down demonstration. The next day he received a misconduct report which he contends was false and did not provide him with adequate notice of the charges. He was afforded a disciplinary hearing on August 31, 1981, before the institution's Hearing Committee and found guilty. After an unsuccessful appeal to the institution's Program Review Committee, he brought this civil rights action in the district court on May 13, 1982. The magistrate to whom the action was referred concluded that it was time-barred by § 5522(b)(1). Her report was adopted by the district court in an order entered on October 25, 1982.

Because the district court proceeding turned upon a statute of limitations held inapplicable in *Knoll,* we must remand this case for reconsideration. We also note that appellant alleges that he was convicted without any evidence and assessment of facts, contrary to the requirements of *Helms v. Hewitt,* 655 F.2d 487 (3d Cir.1981), *cert. granted,* 455 U.S. 999, 102 S.Ct. 1629, 71 L.Ed.2d 865 (1982) which held that a prisoner was denied due process when he was convicted of a misconduct charge where the only evidence offered against him was the charging officer's hearsay recital of an unidentified informant's uncorroborated report. Inasmuch as we are remanding for reconsideration in light of *Knoll,* it may be well for the district court to hold the matter in abeyance until the Supreme Court decides the *Helms* case.

The judgment of the district court will be vacated and the cause remanded for proceedings in accordance with the foregoing.