584

KNOLL, Madelin H., Appellant,

v.

SPRINGFIELD TOWNSHIP SCHOOL DISTRICT, a political subdivision of the Commonwealth of Pennsylvania; Roman, Louis A., Superintendent, Springfield Township School District; Lawn, John J., Hanshaw, Marie M., Commins, James A., Goren, Sara Lee, Hoch, William C. Jr., Hogue Jr., E. Burke, Kalish, Sally, Lieberman, Max L. and Tobin, Harpur M., individually and as members of the Board of School Directors Springfield Township School District.

No. 82–1241.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Jan. 6, 1983.

On Remand from the Supreme Court Submitted Under Third Circuit Rule 12(6) May 24, 1985.

Decided June 7, 1985.

Theodore M. Lieverman, Philadelphia, Pa., for appellant.

Charles Potash, Harris F. Goldich, Wisler, Pearlstine, Talone, Craig & Garrity, Norristown, Pa., for appellees.

Before ALDISERT, Chief Judge, and GIBBONS and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Chief Judge.

When this matter was first before us, 699 F.2d 137 (3d Cir.1983), we reversed the judgment of the district court and ordered the case remanded to the district court for further proceedings. After granting a petition for certiorari, the Supreme Court has returned the appeal to us for further consideration in light of *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). *Springfield Township School District v. Knoll*, —— U.S. ——, 105 S.Ct. 2065, 85 L.Ed.2d 275 (1985) (per curiam). After reconsideration, we adhere to our previous judgment.

This appeal required us to determine, *inter alia*, the appropriate statute of limitations in an employment discrimination suit brought under 42 U.S.C. § 1983.[1] Madelin H. Knoll brought an employment

---

1. 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdic-tion thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

.    .    .    .    .

discrimination action against the Springfield Township School District based on 42 U.S.C. § 1983 and Title VII of the Equal Employment Opportunity Act. The district court concluded that the § 1983 action was time-barred by the new Pennsylvania statute which limits actions against government officials to six months, and that the Title VII claim was time-barred because it was filed more than 180 days from the last discriminatory act which the court determined occurred in July 1979. The district court granted the school district's motion for summary judgment. From that decision and order, Ms. Knoll appealed.

Her primary contention was that the district court erred in applying Pennsylvania's six-month statute of limitations to her claim of employment discrimination under § 1983. That limitations provision, enacted as part of the new Pennsylvania Judicial Code, provides in pertinent part:

(b) Commencement of action required— The following actions and proceedings must be commenced within six months:

(1) An action against any officer of any government unit for anything done in the execution of his office, except an action subject to another limitation specified in this subchapter.

. . . .

42 Pa.Cons.Stat.Ann. § 5522(b)(1) (Purdon Supp.1984). We agreed with appellant that Pennsylvania's new six-month statute did not apply, and concluded that Pennsylvania's residuary six-year statute of limitations, which applies in the absence of another applicable limitations provision, should govern this § 1983 action because it "better serves the policies expressed in the federal statutes." *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 240, 90 S.Ct. 400, 406, 24 L.Ed.2d 386 (1969).

In remanding for reconsideration, the Supreme Court agreed with our determination that the Pennsylvania six-month statute of limitation was not applicable. But it instructed that "all § 1983 claims should be characterized for statute of limitations purposes as actions to recover damages for injuries to the person." *Springfield Township School District v. Knoll,* —— U.S. at ——, 105 S.Ct. at 2065. The Supreme Court thus adopted a bright-line approach to the problem of determining what statute of limitations should be applied in § 1983 actions. In *Wilson v. Garcia,* the Court held that even though constitutional claims alleged under § 1983 encompass numerous and diverse topics and subtopics, the state statute of limitations governing tort actions for the recovery of damages for personal injuries provides the appropriate limitation period. —— U.S. at ——, 105 S.Ct. at 1948. The Court believed that Congress in 1871 would have characterized § 1983 as conferring a general remedy for injuries to personal rights. *Id.* at ——, 105 S.Ct. at 1948. The Court expressly rejected the possibility that states' residuary statutes of limitations be applied in § 1983 actions: "The relative scarcity of statutory claims when § 1983 was enacted makes it unlikely that Congress would have intended to apply the catchall periods of limitations for statutory claims that were later enacted by many States." *Id.* at ——, 105 S.Ct. at 1948.

Pennsylvania has a two-year limitations period for actions to recover damages for personal injuries. 42 Pa.Cons.Stat.Ann. § 5524 (Purdon Supp.1984). The statute provides in relevant part:

The following actions and proceedings must be commenced within two years:

(1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.

(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

. . . .

*Id.* Applying this statute to the facts before us, *see* 699 F.2d at 139, 145–46, appellant's § 1983 action is not time-barred. The earliest date with any relevance to this case is July 1979, when appellant applied for the administrative assistant position. Assuming *arguendo* that this is the date

from which the statute began to run, her filing of the suit in district court on April 21, 1981 was timely; it was within the two-year period. Therefore, consistent with our previous opinion, and the Supreme Court's holding in *Wilson*, we remand the case to the district court for further proceedings.

In our previous opinion, we also held that the district court erred in its determination that appellant's Title VII claim was time-barred as a matter of law, stating that whether the last discriminatory act occurred in September 1980 was a material disputed fact that precluded summary judgment. 699 F.2d at 145–46. On remand, therefore, both appellant's § 1983 claim and the question of the timeliness of the Title VII claim will be before the district court.

Accordingly, we will reverse the summary judgment of the district court and remand the cause for further proceedings.