**Carl Lee JOHNSON, Appellant,**

v.

**Officer SWYKA, Capt. L.G. Tohey, Robert Maroney, Deputy Supt., George Petsock, Superintendent.**

No. 82–5594.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Feb. 10, 1983.

On Remand from the Supreme Court Submitted Under Third Circuit Rule 12(6) June 6, 1985.

Decided June 19, 1985.

Carl Lee Johnson, pro se.

Leroy S. Zimmerman, Atty. Gen., José Hernandez-Cuebas, Deputy Atty. Gen., Pittsburgh, Pa., for appellee.

Before ALDISERT, HUNTER, and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

We have been directed by the United States Supreme Court to reconsider our previous decision in this case, reported at 699 F.2d 675 (3d Cir.1983), in light of *Wilson v. Garcia*, 471 U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). *Johnson v. Swyka*, —— U.S. ——, 105 S.Ct. 2108, 85 L.Ed.2d 474 (1985). Upon reconsideration we remand the cause to the district court for further proceedings.

Appellant Carl Lee Johnson, a prisoner at the State Correctional Institution at Pittsburgh, alleged that he was taken to the institution's Restricted Housing Unit following a sit-down demonstration. The next day he received a misconduct report that he contends was false and did not provide him with adequate notice of the charges against him. He was afforded a disciplinary hearing on August 31, 1981, before the institution's Hearing Committee and found guilty. After an unsuccessful appeal to the institution's Program Review Committee, he brought this civil rights action under 42 U.S.C. § 1983 in the district court on May 13, 1982. The magistrate to whom the action was referred concluded that the action was time-barred by 42 Pa. Cons.Stat.Ann. § 5522(b)(1), Pennsylvania's six-month limitations period. Her report was adopted by the district court in an order entered on October 25, 1982, and Johnson appealed.

When we first decided this case, we vacated the judgment of the district court and remanded the proceedings for reconsideration of the statute of limitations issue in light of this court's decision in *Knoll v. Springfield Township School District*, 699 F.2d 137 (3d Cir.1983). *See Johnson v. Swyka*, 699 F.2d at 676. Subsequently, the Supreme Court granted petitions for certiorari in both *Knoll* and this case, vacated our judgments, and remanded both cases to us for reconsideration in light of *Wilson v. Garcia*, 471 U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). On remand in *Knoll v. Springfield Township School District*, 763 F.2d 584 (3d Cir.1985), we observed that the Court in *Wilson v. Garcia* held that "the state statute of limitations governing tort actions for the recovery of damages for personal injuries provides the appropriate limitation period [for § 1983 actions]." *Id.* at 585 (citing *Wilson v. Garcia*, 471 U.S. at ——, 105 S.Ct. at 1947). We held that Pennsylvania's two-year limitations period for personal injuries now should be applied to actions brought under § 1983. *Id.* at 585.

In our original decision in this case, we noted that the Supreme Court had granted a petition for certiorari in *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), and that the disposition of *Hewitt* could affect the decision on the merits here. *Hewitt* has now been decided. Upon remand, therefore, the district court will adjudicate this case in light of *Wilson v. Garcia*, 471 U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254, *Knoll v. Springfield Township School District*, 763 F.2d 584, and *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675.

We will vacate the judgment of the district court and remand the cause for proceedings consistent with the foregoing.