Sergeant Michael L. **SERGE**, Patrolman Jeffrey P. Ozovek, Patrolman Alfred Burian, And All Similarly Situated Individual Members of the Class, the Police Department of the City of Scranton, Plaintiffs,

v.

The CITY OF SCRANTON, James Barrett McNulty, Mayor, Carlon M. O'Malley, Jr., Director of Public Safety, and Robert N. Williams, Superintendent of Police, Defendants.

Civ. A. No. 85–0316.

United States District Court,
M.D. Pennsylvania.

June 20, 1985.

Frank J. Muraca, Scranton, Pa., for plaintiffs.

William Hall, Edmund J. Scacchitti, Scranton, Pa., for defendants.

MEMORANDUM

CALDWELL, District Judge.

I. *Introduction.*

Defendants, the City of Scranton, James McNulty, its Mayor, Carlon O'Malley, Jr.,

Scranton's Director of Public Safety, and Robert N. Williams, Superintendent of Police, have filed a motion to dismiss plaintiff's complaint. Plaintiffs, members of Scranton's police force "injured on duty," allege in this section 1983 action that rule 301.7 of the police department manual, dealing with injured police officers, is unconstitutional on its face and as applied.

## II. *Discussion.*

### A. *Plaintiffs' Complaint States A Claim Upon Which Relief Can Be Granted.*

Rule 301.7 allegedly requires plaintiffs to remain at home except when they receive medical treatment. When they leave their homes for a doctor's appointment, they must notify the Superintendent of Police. Plaintiffs claim the rule infringes upon their right to vote, attend church services, to meet with lawyers, and attend political or family gatherings or travel freely. Defendants contend that regulations like the one at issue in the instant case have been held constitutional in other cases. They cite in their support *Vorbeck v. Schnicker,* 660 F.2d 1260 (8th Cir.1981), *cert. denied,* 455 U.S. 921, 102 S.Ct. 1278, 71 L.Ed.2d 462 (1982); *Loughran v. Codd,* 432 F.Supp. 259 (E.D.N.Y.1976) and *Gissi v. Codd,* 391 F.Supp. 1333 (E.D.N.Y.1974). These cases are all distinguishable.

In *Vorbeck,* the court never explicitly passed upon the constitutionality of the police regulations at issue there. Instead, it rejected plaintiffs' claim because none of them could show that they had been injured by the regulations. The case turned on the non-justiciability of the lawsuit. While the court may have "[b]y necessary implication," *Bruno v. Department of Police,* 451 So.2d 1082, 1099 (La.Ct.App.1984) (brackets added), upheld the constitutionality of the regulations on their face, we decline at this juncture to do so on the present record.

■ Both *Loughran* and *Gissi* dealt with the regulations of the New York City police department. In those cases the sick leave regulations were held to be valid but an important consideration was a particular provision granting unlimited sick leave to police officers. As stated by the court in *Loughran:* "All department members enjoy unlimited sick leave with full pay. A restriction on the permissible number of annual sick days, evident in most police departments across the nation, is not imposed on New York City officers. Accordingly, some restrictions on the activity of a member on sick report are wholly necessary if malingering is to be minimized and abuse curtailed." 432 F.Supp. at 263 (citing *Gissi*). In the instant case it is unclear whether the regulation provides for unlimited injury leave. Defendants do not assert that it does. Under these circumstances, we decline to dismiss plaintiffs' complaint on the authority cited by defendants.

In any event, plaintiffs are also asserting that the regulation is unconstitutional as applied. Thus, even if the regulation is valid on its face, if it is applied in a manner that infringes upon plaintiffs' constitutional rights, such as those of free association or religious liberty, plaintiffs may be entitled to relief. *See Philadelphia Lodge No. 5 v. City of Philadelphia,* 599 F.Supp. 254 (E.D.Pa.1984); *Gissi, supra.*

### B. *The Proper Standard of Review of the Regulations Is the Rational Relationship Test.*

■ Plaintiffs contend that the regulations must be reviewed under the "compelling state interest" test. Defendants argue, and we agree, that the "rational relationship" test is the proper standard by which to judge them. In *Kelley v. Johnson,* 425 U.S. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976), the Supreme Court, holding a police department regulation on hair length constitutional, stated that restrictions could be placed upon the constitutional rights of public employees which would not be permissible for private citizens. It went on to state:

Thus, the question is not, as the Court of Appeals conceived it to be, whether the State can "establish" a "genuine public need" for the specific regulation. It is

whether respondent can demonstrate no rational connection between the regulation, based as it is on the county's method of organizing its police force and the promotion of safety of persons and property. [citation omitted].

*Id.* at 247, 96 S.Ct. at 1446, 47 L.Ed.2d at 715–16 (brackets added).

Plaintiffs attempt to distinguish *Kelley* by noting that *Kelley* involved a claim implicating "only the more general contours of the substantive liberty interest protected by the Fourteenth Amendment." *id.* at 245, 96 S.Ct. at 1445, 47 L.Ed.2d at 714, while here they are asserting violations of more fundamental rights.

*Kelley* cannot be distinguished on that basis. The Court in *Kelley* did note that matters of personal appearance were different from more fundamental rights but the choice of the standard of review in *Kelley* did not turn on that distinction. Rather, the Court used a rational relationship test because the plaintiff was asserting his Fourteenth Amendment rights "not as a member of the citizenry at large, but on the contrary as an employee of the police force of Suffolk County ...." *Id.* at 244–45, 96 S.Ct. at 1444, 47 L.Ed.2d at 714. Therefore, the Court concluded that:

[t]he hair-length regulation cannot be viewed in isolation, but must be rather considered in the context of the county's chosen mode of organization for its police force.

The promotion of safety of persons and property is unquestionably at the core of the State's police power, and virtually all state and local governments employ a uniformed police force to aid in the accomplishment of that purpose. Choice of organization, dress, and equipment for law enforcement personnel is a decision entitled to the same sort of presumption of legislative validity as are state choices designed to promote other aims within the cognizance of the State's police power. [citations omitted]. Having recognized in other contexts the wide latitude accorded the government in the dispatch of its own internal affairs, *Cafe-*

*teria Workers v. McElroy,* 367 U.S. 886, 896, 81 S.Ct. 1743, [1749], 6 L.Ed.2d 1230 (1961), we think Suffolk County's police regulations involved here are entitled to similar weight.

*Id.* at 247, 96 S.Ct. at 1445–46, 47 L.Ed.2d at 715.

The Court then set forth the "rational connection" standard of review quoted above. Accordingly, that is the standard we will use in reviewing the police regulation at issue here. *See Shawgo v. Spradlin,* 701 F.2d 470 (5th Cir.), *cert. denied sub. nom. Whisenhunt v. Spradlin,* —— U.S. ——, 104 S.Ct. 404, 78 L.Ed.2d 345 (1983); *Philadelphia Lodge No. 5 v. City of Philadelphia, supra; Loughran, supra; Gissi, supra* and *Bruno, supra.*

C. *The Complaint Fails to Set Forth Specifically the Defendants' Alleged Conduct In Violating Plaintiffs' Constitutional Rights.*

Plaintiffs allege the following conduct on the part of defendants:

During the time period under which the Plaintiffs have been "injured on duty" and confined to their home pursuant to the above Rule or Regulation, the Plaintiffs and their families have been subjected to surveillance inside and outside of their home, frequent telephone calls and unannounced visits by Police Department personnel several times each day.

(Complaint, ¶ 15).

During the time periods under which the Plaintiffs have been "injured on duty" and confined to their homes pursuant to the above Rule or Regulation, the Plaintiffs have been prevented from leaving their homes to vote, to attend church services, to go to court or meet with their lawyers, to attend political and family gatherings and to travel freely, and the exercise of other constitutional rights.

(Complaint, ¶ 16).

Defendants contend that these allegations are too vague and conclusory in a civil rights complaint. We agree. The law in the Third Circuit for such complaints re-

quires specificity. *See Rotolo v. Borough of Charleroi,* 532 F.2d 920 (3d Cir.1976); *Borenstein v. City of Philadelphia,* 595 F.Supp. 853 (E.D.Pa.1984). Paragraphs 15 and 16 set forth specific conduct, and thus differ from those complaints setting forth merely legal conclusions, but does not allege dates, times, locations, and the roles played by the individual defendants in the various unconstitutional activities. We believe that the conduct of the defendants should be alleged in greater detail.[1]

We will issue an appropriate order.

### ORDER

AND NOW, this 20th day of June, 1985, it is ordered that:

1. Defendants' motion to dismiss the complaint shall be and is hereby denied.

2. Plaintiff shall have twenty (20) days from the date of this order to file an amended complaint setting forth with particularity the conduct of defendants violating plaintiffs' constitutional rights. If plaintiff fails to do so, the complaint shall be dismissed.

---

**1.** Defendants also argued, from facts set forth in their brief in support of their motion to dismiss, that the claims of plaintiff, Michael Serge, should be barred by the six month statute of limitations applicable to claims against public officials. *See* 42 Pa.C.S. § 5522(b)(1). They preserved this defense in case *Knoll v. Springfield Township School District,* 699 F.2d 137 (3d Cir.1983), permitting six years for bringing suit, was reversed by the Supreme Court. In light of *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), holding that the state statute of limitations on personal injury actions applies to claims under section 1983 and *Knoll v. Springfield Township School District,* 763 F.2d 584 (3d Cir.1985), holding, in part, that the Pennsylvania two year statute of limitations on personal injuries applies to section 1983 actions, we reject defendants' argument.