**Robert BULLICK, Ind. & on Behalf of all others similarly situated**

v.

**CITY OF PHILADELPHIA.**

**Civ. A. No. 85–7175.**

United States District Court, E.D. Pennsylvania.

April 28, 1986.

Michael S. Bomstein, Philadelphia, Pa., for plaintiff.

Valerie West, City of Philadelphia Law Dept., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before the court is the plaintiff Robert Bullick's motion for class certification pursuant to Fed. R. Civ. P. 23. The defendant City of Philadelphia has no objections at this time to the conditional certification of a properly defined class pursuant to Rule 23(b)(1) or (b)(2). Given the defendant's conciliatory stance, and for the following reasons, a class shall be conditionally certified pursuant to Rule 23(b)(2).

## CLASS DEFINITION

An essential prerequisite to the application of the Fed. R. Ci,. P. 23 class certification factors is the definition of the class. Critical questions, such as numerosity, cannot properly be addressed unless the parameters of the class have been defined. The definition proposed by the plaintiff is overbroad because it includes persons whose claims are barred by the applicable statute of limitations.

The plaintiff's complaint seeks to redress alleged due process and equal protection violations pursuant to 42 U.S.C. § 1983. Complaint. ¶¶ 2, 26. The United States Supreme Court held in *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), that all claims under 42 U.S.C. § 1983 would be characterized as claims for injury to the person and would be governed by the state statute of limitations applicable to such claims. Thereafter, the Third Circuit Court of Appeals has ruled in *Smith v. City of Pittsburgh,* 764 F.2d 188 (3d Cir.1985), and *Knoll v. Springfield Township School District,* 763 F.2d 584 (3d Cir.1985), that actions under 42 U.S.C. § 1983 in Pennsylvania are governed by a two-year statute of limitations.

■ The only proper class members are those whose claims are not time-barred. *See Wetzel v. Liberty Mutual Insurance Company,* 508 F.2d 239, 246 (3d Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); *Alvarez v. City of Philadelphia,* 98 F.R.D. 286 (E.D.Pa.1983);

*Ulloa v. City of Philadelphia*, 95 F.R.D. 109 (E.D.Pa.1982). The complaint was filed on December 13, 1985. Consequently, only those persons who were employed by the City of Philadelphia on or after December 13, 1983, could possibly be included in the potential class.

Furthermore, the plaintiff's proposed class certification order does not use the Civil Service titles of the employees in question. The defendant has clarified, and the plaintiff has not contested, that the part-time employees in the Recreation Department which the plaintiff is attempting to represent are Assistant Recreation Leader and Recreation Leader I. The use of these titles in the class certification order is preferable because they will allow for precise definition of the class.

PREREQUISITES

Pursuant to Rule 23(a) of the Fed. R. Civ. P., there are four (4) prerequisites to maintenance of a class action: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

The exact number of potential class members is currently unknown. However, the exact number of the plaintiff class need not be ascertained for the numerosity requirement to be satisfied. *Susquehanna Tp. v. H & M, Inc.*, 98 F.R.D. 658, 664 (M.D.Pa.1983). The plaintiff has asserted his belief, which the defendant has not contested, that the potential class consists of in excess of one hundred and forty (140) persons. Therefore, joinder of all members would be impracticable. *See Fox v. Prudent Resources Trust*, 69 F.R.D. 74 (E.D. Pa.1975) (joinder is generally impracticable when the class exceeds one hundred persons).

The issues in the case at bar are whether the defendant violated the rights of class members by reducing their hours and benefits and by denying them the benefits afforded to other similarly situated employees. It is alleged that the defendant violated the City of Philadelphia Home Rule Charter by failing to provide for uniform qualifications and compensation for all positions in the same class and by failing to conduct open, competitive examinations for job applicants. It is also alleged that the defendant violated 53 P.S. § 12638 by reducing the pay and position of class members, classified civil service employees, without just cause. Due to the above actions of the defendant, the plaintiff claims the class members have not and are not receiving the benefits to which they are entitled and that the defendant's hiring of forty additional full-time recreational aides, without testing or posting of positions, caused class members to suffer reductions in their hours and benefits. Because the plaintiff has alleged the defendant committed certain acts that affected all class members, which are alleged to be in violation of applicable laws, there are questions of law or fact common to the class.

Because the defendant's alleged violations adversely affected the plaintiff and all other class members, the claims or defenses of the representative party are typical of the claims or defenses of the class. The claims of the class representative and other class members are based upon the same legal or remedial theory; the typicality requirement is met. *See Christy v. Hammel*, 87 F.R.D. 381 (M.D.Pa.1980).

Before certifying a class, the court must determine that the named plaintiff would be an adequate representative. A representative will be considered adequate if he has common interests with the unnamed members of the class and it appears that he will vigorously prosecute the interests of the class through qualified counsel. *Dorfman v. First Boston Corp.*, 62 F.R.D. 466 (E.D.Pa.1973). In *Karan v. Nabisco, Inc.*, 78 F.R.D. 388, 406 (W.D.Pa.1978), the court stated that the relevant considerations in determining the adequacy of class representation include the importance of common class questions to the plaintiff's individual claims; whether the plaintiff's indi-

vidual interests are antagonistic to the interests of the class; the extent to which the court can assume that any antagonism that may exist will not affect the presentation of class issues; the plaintiff's familiarity with the circumstances of other class members; the resources required to pursue litigation properly as to the class asserted; whether geographically dispersed class members would have to be in close contact with counsel for proper presentation of their claims; and the competence, experience and zeal of the plaintiff's counsel.

 Based upon the above factors, the instant case will be certified as a class action. The representative plaintiff's claim has alleged that the defendant's practices, particularly regarding hiring and compensation, affected all class members in substantially the same manner. Therefore, as he intends to pursue his own claim vigorously, he will also be doing so on behalf of the other class members. Moreover, no one has asserted that the named plaintiff has interests antagonistic to those of the class; he is familiar with the claims of other class members as they are identical to his claims; he and his counsel appear to have adequate resources to pursue the litigation; and the class members are not geographically dispersed as all, or almost all, reside in Philadelphia.

## MAINTENANCE OF THE CLASS

 The plaintiff's Class Certification Motion argues that the requirements of Rule 23(b)(1), (2), and (3) are met. The defendant does not contest class certification pursuant to (b)(2) or (b)(3). When possible, the court should certify a class action pursuant to Rule 23(b)(1) or (b)(2), rather than (b)(3). *Wetzel v. Liberty Mutual Insurance Company, supra* at 253. The reasons for favoring 23(b)(1) and (b)(2) involve the superior *res judicata* effect of such actions and the elimination of procedural complications of 23(b)(3). *Id.* It is alleged that the defendant has acted or refused to act on grounds generally applicable to the class. Therefore, final injunctive or corresponding declaratory relief with respect to

the class as a whole may be appropriate. An order follows which conditionally grants this action to proceed as a class action pursuant to Fed. R. Civ. P. 23(b)(2).

### ORDER

AND NOW, this 28th day of April, 1986, for the reasons set forth in the foregoing Memorandum, it is ORDERED that the plaintiff's motion for class certification is conditionally GRANTED and this action shall proceed as a class action in accordance with Federal Rule of Civil Procedure 23(b)(2). The class shall consist of those individuals who were employed as Recreation Leader I's or Assistant Recreater Leaders by the defendant City of Philadelphia from December 13, 1983 to the present.