James O. LINDQUIST, Jr.; Donald S. Lindquist; Judith A. Lindquist; SKSM Associates, Appellants,

v.

BUCKINGHAM TOWNSHIP; Board of Supervisors of Buckingham Township; Ernest Knight, II, Individually and in his Respective Official Capacities as Agents of Buckingham Township and the Board of Supervisors of Buckingham Township; *Lynn Bush, as Executrix of the Estate of George M. Bush, Esq.

*(Dismissed as per the Court's 11/13/02 Order).

No. 02–2469.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a)(1993) Feb. 25, 2003.

Decided May 16, 2003.

Before: BECKER, Chief Judge,* SCIRICA, Circuit Judge,** and SHADUR,*** District Judge.

OPINION OF THE COURT

BECKER, Circuit Judge.

This action was brought by James O. Lindquist, Jr., Donald Lindquist, Judith Lindquist and SKSM Associates (collectively, the "Landowners" or "plaintiffs") against Buckingham Township, its Board of Supervisors, Ernest Knight, II, the Township's consulting engineer and George M. Bush, Esquire, the Township's

* Judge Becker completed his term as Chief Judge on May 4, 2003.

** Judge Scirica became Chief Judge on May 4, 2003.

*** The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

former solicitor pursuant to 42 U.S.C. § 1983, the Civil Rights Act, for alleged violation of plaintiffs' substantive due process rights and for an alleged regulatory taking of their property by the Township. (App.40). Plaintiffs alleged that a violation of their constitutional rights occurred as a result of arbitrary and irrational actions by defendants which are said to have delayed and prevented the development of their real property located in Buckingham Township, Bucks County, Pennsylvania.

The plaintiffs' arguments, drawn from their briefs, may be summarized as follows:

1. The District Court erred in dismissing the Landowners' due process takings claim as not ripe for review since the landowners failed to avail themselves of the appropriate state law procedures. Even though the Landowners assert a due process takings claim, the District Court improperly applied the ripeness requirements promulgated in *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), for a "just compensation" takings claim. *Williamson's* "exhaustion of state law remedies" requirement is not applicable to due process takings claims. Moreover, Pennsylvania's condemnation process is not an adequate process for obtaining compensation for a due process taking, and therefore, the Landowners were not required to pursue their claim in state court. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 699, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

2. The District Court erred in ruling that the Landowners' claims were barred by the statute of limitations since the Landowners failed to identify one substantive due process violation during the statutory period. The District Court improperly disregarded numerous affirmative acts by the Township which not only constitute substantive due process violations but establish a frequent pattern of unlawful conduct sufficient to invoke the continuing violation doctrine to incorporate the Township's long standing history of intentionally delaying and frustrating the landowners' development of the Property.

We find these arguments without merit, hence we affirm. Although the facts and procedural history of this and a prior related case are complicated, we need not prescribe them here; rather, we confine ourselves to a statement of our *ratio decidendi*.

■ First, plaintiffs' substantive due process claims were properly dismissed because plaintiffs failed to file suit before the applicable Pennsylvania two-year statute of limitations expired.[1] They were aware of their constitutional injuries on September 3, 1998 when their attorneys filed lawsuits in the Court of Common Pleas of Bucks County on the same facts which they allege in the present federal action violated their civil rights. The "continuing violation" theory is not applicable to toll the statute of limitations. We have held that "a plaintiff may not rely on the continuing violation theory to advance claims about isolated instances of discrimination concluded in the past, even though the effects persist into the present." *Courtney v. LaSalle University*, 124 F.3d 499, 505 (3d Cir.1997). Additionally, in our recent decision in *UA Theatre Circuit v.*

---

1. In Pennsylvania, the statute of limitations for personal injury actions is two years, and thus the statute of limitations for a civil rights cause of action under 42 U.S.C. § 1983 is also two years. 42 Pa. Cons.Stat. Ann. § 5524 (1981 & Supp.1996); *Knoll v. Springfield Township School District*, 763 F.2d 584, 585 (3d Cir.1985).

*Warrington,* 316 F.3d 392 (3d Cir.2003), we held that in light of *County of Sacramento v. Lewis,* 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998), a plaintiff asserting that a municipal land-use decision violated substantive due process must show that the defendants' conduct "shocked the conscience," and not just evinced "improper motive." The plaintiffs do not even come close to establishing conduct on the part of defendants that shocks the conscience.

■ The District Court also was correct in dismissing plaintiffs' regulatory taking claim because it is not ripe. Plaintiffs had available the inverse condemnation procedures under the Pennsylvania Eminent Domain Code but failed to avail themselves of those procedures. *See Williamson,* 473 U.S. at 172, and *Cowell v. Palmer Township,* 263 F.3d 286 (3d Cir.2001).

The judgment of the District Court will be affirmed.