**Robert S. ROSENBAUM, Plaintiff,**

v.

**Dr. Thomas D. LARSON, James I. Scheiner, John J. Zogby, Robert P. Spena, Frank P. Gaffney, in their official and individual capacities, Defendants.**

Civ. A. No. 80–0862.

United States District Court,
M.D. Pennsylvania.

Nov. 2, 1982.

Louis J. Adler, Harrisburg, Pa., for plaintiff.

Carleton O. Strouss, Asst. Counsel, Robert H. Raymond, Jr., Asst. Chief Counsel, Ward T. Williams, Chief Counsel, Dept. of Transp., Com. of Pennsylvania, Harrisburg, Pa., for defendants.

## MEMORANDUM

CALDWELL, District Judge.

This civil rights action involves a claim that the plaintiff was wrongfully discharged from employment with the Commonwealth based upon his political party affiliation. The case was assigned to the writer in April 1982. Previously Judge Herman dismissed the claim against the Commonwealth and the individual defendants in their official capacities.[1] Judge Herman has also stricken plaintiff's demand for a jury trial.[2] The case is again before the court on the motion of the individual defendants for summary judgment. The grounds upon which judgment is sought include the following contentions:

1) The action is barred by the doctrine of laches.

2) Plaintiff has not met the "threshold" necessary to establish an actionable case of political discrimination.

3) Defendants have shown that plaintiff's discharge resulted from proper consideration.

4) Plaintiff has not shown the defendants acted with malice, which is required for liability in their individual capacities.

We need address only the first two of these issues.

Defendants contend that because plaintiff's claim was not filed until after the expiration of the applicable statute of limitations it should be dismissed. As to the equitable claims defendants ask for dismissal based on laches.

The appropriate period of limitations for legal actions pursuant to 42 U.S.C. § 1983 has been the subject of considerable debate, due to the absence of any limitation in the statute itself. Generally, federal courts apply the period of limitations that would be appropriate to plaintiff's claim if it had been filed in the court of the state in which the federal court sits. The difficulty arises from the fact that federal courts do not always agree on the 'applicable' state statute, and the periods can differ depending on the nature of the complaint voiced by a plaintiff. In this district Judge Herman, in two analogous cases, has ruled that the six year period set forth in 42 Pa.C.S.A. § 5527(6) is applicable. In *Demarco v. Ingaglio*, (Civil No. 81–6, M.D.Pa., Jan. 29, 1982) the court concluded that the nature of plaintiff's complaint (which sought damages for the improper revocation of a license to practice medicine) was in essence a claim for tortious interference with business or economic relationships and that the six year period of limitations under 42 Pa.C.S.A. § 5527(6) applied. In *Eshmont v. Commonwealth, et al.*, (Civil No. 81–715, M.D.Pa., April 9, 1982) Judge Herman dealt with a case alleging a political firing in which plaintiff sought reinstatement and back pay. Adhering to the Third Circuit decision of *Skehan v. Board of Trustees*, 590 F.2d 470 (3d Cir.1978) *cert. denied*, 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979), the court concurred that a complaint of political firing resembles the common law tort of wrongful interference with economic rights or interest. The Court again applied the six year period provided for in 42 Pa.C.S.A. § 5527(6).

Although we are aware that Judge Luongo has recently applied the six month

---

1. Memorandum and Order of November 17, 1980.

2. Memorandum and Order of February 24, 1981.

limitation found at 42 Pa.C.S.A. § 5522(a) to bar similar claims (*see Clyde v. Thornburgh,* 533 F.Supp. 279 (E.D.Pa.1982), we are nevertheless disposed to follow the rationale utilized by Judge Herman. We believe this is the wisest course, because we are not certain that the six month statute may not be unconstitutionally brief when applied to a federally created right. *See, e.g., VanHorn v. Lukhard,* 392 F.Supp. 384 (E.D.Va.1975). Since we find that the instant action was brought well within the time permitted by the applicable statute of limitations, we similarly find that suit is not barred by the doctrine of laches. *See Clyde v. Thornburgh,* 533 F.Supp. 279, 288 (E.D. Pa.1982).

We turn now to the defendant's contention that the plaintiff has failed to marshal evidence sufficient to cross the factual threshold for maintaining an action of this type. In *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1975), the Supreme Court established the criteria upon which the defendants rely. In *Elrod,* several non-civil-service employees of the Cook County, Illinois Sheriff's Office brought suit alleging that they were discharged or threatened with discharge solely because they were not affiliated with or sponsored by the Democratic Party. Writing for the plurality, Justice Brennan held the practice of patronage dismissals unconstitutional under the First and Fourteenth Amendments. Justice Stewart, in a concurring opinion joined by Justice Blackmun, described the issues presented by the *Elrod* case in less sweeping terms:

> The single substantive question involved in this case is whether a nonpolicymaking, nonconfidential government employee can be discharged or threatened with discharge from a job that he is satisfactorily performing upon the sole ground of his political beliefs. I agree with the plurality that he cannot.

427 U.S. at 375, 96 S.Ct. at 2690 (Stewart, J., concurring) (citation omitted). The holding in *Elrod* was further defined by the Court in *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980). In *Branti,* the Court specified the proofs which a plaintiff should be expected to produce:

> To prevail in this type of action, it was sufficient, as *Elrod* holds, for respondents to prove that they were discharged 'solely for the reason that they were not affiliated with or sponsored by the Democratic Party.'

445 U.S. at 517, 100 S.Ct. 1294, 63 L.Ed.2d 583 (citation omitted).[3]

■ The plaintiff, judging from his brief, does not contest the applicability of these threshold issues, but rather questions the appropriateness of deciding them at this stage of the proceedings. We have been made aware, however, of the case of *Ness, et al. v. Marshall,* Civil No. 78–235 (M.D.Pa., Nov. 14, 1981) *affirmed* 660 F.2d 517 (3rd Cir.1982), in which Chief Judge Nealon entered summary judgment in favor of the defendant based on the plaintiffs' failure to meet the threshold requirements of *Elrod-Branti.* We are persuaded by Chief Judge Nealon's treatment of *Ness* and by the fact that discovery in this matter is closed that we may properly assess the adequacy of the plaintiff's proof in the context of the record before us. If there is a material issue of fact concerning whether political animus was a substantial motivating factor in

---

**3.** We have also been directed to the related case of *Mount Healthy City Board of Ed. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1976). In *Mt. Healthy,* the Court considered the constitutional implications of a school board's refusal to hire a public school teacher for reasons that included an incident in which the teacher exercised his constitutionally protected right to free speech. The Court said that in such a case it was the plaintiff's initial burden to show that his conduct was constitutionally protected and was a "substantial" or "motivating" factor in the Board's decision not to rehire him. The burden then shifted to the Board to show that it would have reached the same result even in the absence of the protected conduct. *See also Branchick v. Comm. Dept. of Labor & Industry,* 496 Pa. 280, 436 A.2d 1182 (1981). It has been suggested that this more lenient criteria is appropriate in political firing cases as well. *See Nekolny v. Painter,* 653 F.2d 1164 (7th Cir.1981) *cert. denied,* 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 137 (1982).

bringing about the plaintiff's discharge, summary judgment may not be granted.[4]

In support of their motion, defendants have attached to the moving papers excerpts from the depositions of various witnesses and parties including the plaintiff and the affidavit of Thomas D. Larson, Secretary of Transportation. From a review of the materials presented to us by the defendants it appears that, upon assuming office, Secretary Larson communicated to his subordinates his goals of streamlining the system in an effort to meet budgetary constraints (Larson affidavit). This "streamlining" resulted in the elimination of several positions which had previously existed at the Department of Transportation. *Id.*

According to Robert P. Spena, Director of Traffic Safety Operations, Mr. Rosenbaum was furloughed because the cutbacks in managerial positions necessitated a closer look at the best qualified personnel to fill available positions. Spena determined that Rosenbaum did not meet the standard of managers to be retained and that his replacement, Robert M. Mustin, was better suited to the job (Spena deposition, N.T. 30, 31, 45). Specifically, Mr. Spena noted that Mr. Rosenbaum had an inadequate understanding of computer systems (N.T. 13–16), did not manage or supervise his staff well (N.T. 13, 35), and read novels during working hours (N.T. 13). Frank P. Gaffney, Rosenbaum's immediate supervisor, also complained about Mr. Rosenbaum's reading of novels (Gaffney deposition N.T. 21), but seemed generally satisfied that Rosenbaum was otherwise performing his job competently. (N.T. 22). Robert Mustin, Rosenbaum's replacement, reiterated the problem noticed by Mr. Gaffney (Mustin deposition, N.T. 6). He also noted a backlog of work in Mr. Rosenbaum's area when he assumed his responsibilities. (Mustin deposition N.T. 7).

Finally, it appears that Mr. Mustin, the individual who replaced Mr. Rosenbaum, was and is a Democrat (Mustin deposition N.T. 16–17) and that Mr. Rosenbaum had changed his voter registration to Republican upon the change of administrations, changing back to Democrat the day he received his furlough notice. (Rosenbaum deposition, N.T. 9, 11–12).

The plaintiff has contested various aspects of the material facts suggested by the defendants including the scope of the reorganization initiated by the defendant Larson, the title of the plaintiff's position, and the individual who made the termination decision. Further, the plaintiff suggests that Mr. Mustin, though a Democrat, was given his position because Mustin's father "has contacts" with Governor Thornburgh and in the past had represented the family of one of the Governor's assistants.

In his response to the defendants' motion, the plaintiff has stated that his evidence of political discrimination "includes but is not limited to his furloughing when his position was retained and the Department's refusal to rehire plaintiff though he had excellent qualifications by virtue of experience in those very positions which became available after his furlough." Further, the plaintiff contends that the decision to discharge him was made at a time before defendant Spena made "evaluations" as to which personnel should be retained. In the plaintiff's deposition, when asked the basis for his allegations of political discrimination, the plaintiff answered

> As long as there was a Democratic administration, I retained my job. I had excellent performance ratings as to how I was doing my job, and letters of commendation from members of the House, Senate, the public all over the state whom I had worked with and helped. When the Republican administration took over, I was eliminated. So it couldn't have been because I wasn't doing my job. So I have to allege that it was because I was a democrat. (N.T. 16)

■ Even assuming that the plaintiff need only prove that his discharge was "substantially motivated" by his political

4. It is apparently not disputed that the plaintiff was employed in a non-policymaking capacity such that political affiliation would not be a proper reason for discharge.

affiliation in order to meet the *Elrod* threshold, we cannot conclude on the record before us that the plaintiff has met this burden. The plaintiff has been able to point to no evidence to substantiate his claim of political firing other than the mere circumstance that he, a long time Democrat was fired by a Republican administration and that the other Democrats were similarly discharged. This sequence of events, without more, has been held insufficient to state a cause of action for political firing. *See Nekolny v. Painter,* 653 F.2d 1164 (7th Cir.1981). Moreover, the facts of the case belie plaintiff's contention. The defendant Spena testified that he was dissatisfied with the plaintiff's performance and that his discharge was motivated by a desire to fill the plaintiff's position with a more capable person. If, on the other hand, we accept the plaintiff's contention that the decision to fire him was made before Spena's evaluation, then we must conclude that a Republican administration determined to replace the plaintiff, then a registered Republican, with Robert Mustin, a registered Democrat. Neither scenario supports the plaintiff's claim that he was discharged because of his political affiliation.

The Court of Appeals for the Third Circuit has clearly stated that a party resisting a summary judgment motion "cannot expect to rely merely upon bare assertions, conclusory allegations, or suspicions," *Ness v. Marshall,* 660 F.2d 517 (3d Cir.1982). Instead, the resisting party must set forth specific facts showing that there is a genuine issue for trial. In the instant case, the plaintiff has not shown the existence of a genuine issue as to whether the plaintiff's political affiliation was a substantially motivating factor in his discharge. Defendants have pointed to overwhelming evidence to suggest that the plaintiff's discharge was not politically motivated. In our estimation, plaintiff's relatively minor challenges to defendants' evidence are not sufficient to raise a genuine issue of material fact for trial.

■ We note that the issue of rehiring has not been squarely addressed in the mo-

tion before us. Although plaintiff may have no unqualified right to be rehired, he may not be refused employment by reason of his political affiliation or other reasons which infringe on his First Amendment rights. *See Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). We will, therefore, enter summary judgment at this time only in respect to the issue of plaintiff's discharge, leaving open, for the time being, the issue of rehiring.