# SPRINGFIELD TOWNSHIP SCHOOL DISTRICT ET AL.
## v. KNOLL

No. 82–1889.   Argued January 14, 1985—Decided April 17, 1985

*Charles Potash* argued the cause for petitioners.   With him on the brief was *Harris F. Goldich.*

*Robert H. Chanin* argued the cause for respondent.   With him on the brief were *Michael H. Gottesman, Robert M. Weinberg,* and *Jeremiah A. Collins.*\*

PER CURIAM.

On April 21, 1981, respondent commenced this action alleging, in part, that the petitioner School District discriminated

---

\*A brief for the State of Pennsylvania et al. as *amici curiae* urging reversal was filed by *LeRoy S. Zimmerman,* Attorney General of Pennsylvania, and *Andrew S. Gordon* and *Allen C. Warshaw,* Senior Deputy Attorneys General, and by the Attorneys General of their respective States as follows: *Michael A. Lilly* of Hawaii, *Robert T. Stephan* of Kansas, *John D. Ashcroft* of Missouri, *Paul L. Douglas* of Nebraska, *Gregory H. Smith* of New Hampshire, *Rufus L. Edmisten* of North Carolina, and *Anthony Celebrezze* of Ohio.

against her on the basis of sex in failing to promote her to an administrative position. She sought equitable and compensatory relief under 42 U. S. C. § 1983 for the alleged acts of discrimination which occurred in August 1979, May 1980, and September 1980.

The District Court dismissed the § 1983 claim because it was not brought within the 6-month limitations period which applies to

> "[a]n action against any officer of any government unit for anything done in the execution of his office, except an action subject to another limitation specified in this subchapter." 42 Pa. Cons. Stat. § 5522(b)(1) (1982).

The Court of Appeals reversed, holding that the "application of the six-month limitations period would be inconsistent with the policies and legislative history underlying § 1983" and that "the six-year residuary provision of the limitations scheme should govern this dispute." 699 F. 2d 137, 139 (CA3 1983). We granted certiorari, 468 U. S. 1204 (1984), and heard argument.

The judgment of the Court of Appeals is now vacated, and the case is remanded for further consideration in light of our decision in *Wilson* v. *Garcia, ante,* p. 261, in which we have held that all § 1983 claims should be characterized for statute of limitations purposes as actions to recover damages for injuries to the person.

*It is so ordered.*

JUSTICE POWELL took no part in the consideration or decision of this case.