**Francis W. FITZGERALD, Appellant,**

v.

**Thomas LARSON, Individually and as Secretary of the Pennsylvania Department of Transportation; John Harhigh, Individually and as Director of the Bureau of Human Resources; Robert Rowland, Individually and as District Engineer, Engineering District 6–0; Samuel Arrigo, Individually and as Maintenance Manager, Maintenance District 6–1, Bucks County; Louis O'Brien, Individually and as Director, Bureau of Maintenance; Joseph Wade, Individually and as Assistant District Engineer; Honorable Richard Thornburgh, Individually and as Governor of the Commonwealth of Pennsylvania.**

No. 83–3493.

United States Court of Appeals, Third Circuit.

Argued May 25, 1984.

On Remand from the Supreme Court of the United States April 22, 1985.

Submitted Under Third Circuit Rule 12(6).

Decided Aug. 5, 1985.

Ronald Jay Smolow, Trevose, Pa., for appellant.

James J. Kutz, Deputy Atty. Gen., Harrisburg, Pa., for appellees.

Before GARTH, SLOVITER, Circuit Judges, and FISHER, District Judge.*

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

This matter is before us on remand from the Supreme Court which vacated our decision, reported at 741 F.2d 32 (3d Cir.1984), for further consideration in light of *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), regarding the borrowing of state statutes of limitations for actions brought under 42 U.S.C. § 1983 (1982). *Larson v. Fitzgerald,* —— U.S. ——, 105 S.Ct. 2108, 85 L.Ed.2d 424 (1985). Our prior decision reversed the order of the district court dismissing plaintiff's com-

plaint. Upon reconsideration we will affirm the district court.

### I.

### *FACTS AND PROCEDURAL HISTORY*

Francis Fitzgerald was a nontenured employee of the Pennsylvania Department of Transportation who was dismissed on June 7, 1979. He filed suit against appellees in the United States District Court for the Eastern District of Pennsylvania on October 1, 1979, claiming that the sole reason for his discharge was his affiliation with the Democratic Party, and that such termination violated the First Amendment. He sought reinstatement, backpay and benefits, attorney's fees and costs. On April 2, 1981, the district court held that defendants were sued in their official capacities and that plaintiff's claim for monetary relief was barred by the Eleventh Amendment, but that he could maintain an action for reinstatement. *Fitzgerald v. Larson,* No. 79-3741 (E.D.Pa. April 3, 1981). Fitzgerald filed a motion to amend the complaint to state claims against defendants in their individual capacities, which the district court denied on June 8, 1981. Brief for Appellant at 5.

On May 5, 1982 Fitzgerald filed the present action in the Commonwealth Court of Pennsylvania, seeking essentially the same relief against the same defendants, but adding an allegation against defendants as individuals. App. at 18a. Defendants removed the action to the United States District Court for the Middle District of Pennsylvania. The parties agreed to hold the prior action filed in the Eastern District in suspension pending resolution of this action. App. at 12a.

Defendants moved to dismiss the removed action, claiming that the action was barred either by application of the six-month limitation period of 42 Pa.Cons.Stat. Ann. § 5522(b)(1) (Purdon 1981) for actions against government officials, or by the

---

* Hon. Clarkson S. Fisher, Chief Judge, United States District Court for the District of New Jersey, sitting by designation.

two-year limitation period of 42 Pa.Cons. Stat.Ann. § 5524(2) (Purdon 1981) for personal injury actions. The matter was referred to a magistrate who recommended dismissal under the two-year statute, reasoning that plaintiff's claim was non-contractual and most analogous to the state law tort of intentional infliction of emotional distress which is governed by the two-year personal injury limitation. App. at 31a–32a. The district court adopted the magistrate's report and recommendation and dismissed the case.

We reversed. Applying this circuit's then-governing precedent for the choice of limitations periods for § 1983 actions, we sought to characterize "the essential nature of the federal claim within the scheme created by the various state statutes of limitation" and to apply "the limitation which would be applicable in the courts [of Pennsylvania] had an action seeking similar relief been brought under state law." *Fitzgerald v. Larson*, 741 F.2d at 35 (citations omitted). We concluded, relying heavily on *Knoll v. Springfield Township School District*, 699 F.2d 137 (3d Cir.1983), *vacated and remanded in light of Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 2065, 85 L.Ed.2d 275 (1985), *on remand*, 763 F.2d 584 (3d Cir. June 7, 1985), that Fitzgerald's claim was more analogous to a state law action for wrongful discharge or interference with contractual or economic rights, for which we concluded there was no specific limitation period in the Pennsylvania statute. We followed *Knoll* in rejecting application of the six-month provision, even if analogous, as too short to serve the remedial purpose of the federal civil rights statutes. *Fitzgerald v. Larson*, 741 F.2d at 34. Therefore we concluded, as in *Knoll*, that the most appropriate provision to borrow was the six-year residuary statute for civil actions that are not subject to another specified limitation, 42 Pa.Cons. Stat.Ann. § 5527(6) (Purdon 1981). Accordingly, we held that Fitzgerald's claim was timely filed. *Id.* at 36.

In *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court resolved the differences among the circuits and held that federal courts, in choosing the most analogous state law limitation for purposes of § 1983, should characterize all such claims as personal injury actions. It thus rejected the approach this court had taken in its earlier cases in characterizing each such claim individually. We now reconsider this case in light of the Supreme Court's decision.

We have recently held in applying *Wilson v. Garcia*, that the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat.Ann. § 5524 governs all § 1983 actions brought in Pennsylvania. *See Smith v. City of Pittsburgh*, 764 F.2d 188, 194 (3d Cir. 1985); *see also Johnson v. Swyka*, 763 F.2d 602, 603 (3d Cir. 1985); *Knoll v. Springfield Township School District*, 763 F.2d 584, 585 (3d Cir. June 7, 1985). The parties here, who have been given the opportunity to comment, agree that because this action was filed more than two years after the injury accrued, Pennsylvania's two-year statute of limitations for personal injury actions would require dismissal if *Wilson v. Garcia* applies retrospectively. Thus we turn to the issue of retrospective application.

## II.

### RETROSPECTIVE APPLICATION

In *Smith v. City of Pittsburgh*, we followed the Supreme Court's criteria for retrospective application announced in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), to conclude that *Wilson v. Garcia* applied retrospectively to bar Smith's § 1983 claim for unconstitutional termination of his employment relationship by the City of Pittsburgh. *Chevron* sets forth a three-part test:

First the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by

looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retrospective application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." 404 U.S. at 106–07, 92 S.Ct. at 355–56 (citations omitted). We must evaluate these factors in light of Fitzgerald's claim.

### A. The Change from Prior Law

In *Smith* we found that *Wilson v. Garcia* did overturn established precedent of this circuit and that the decision had not been signalled or foreshadowed by prior Supreme Court precedent. 764 F.2d at 194. Nevertheless, we concluded that the first *Chevron* factor required that the prior precedent be sufficiently clear that a plaintiff could have reasonably relied upon it in delaying suit, a criterion that was not met where the law was erratic and inconsistent. 764 F.2d at 194. *See Perez v. Dana Corp.,* 718 F.2d 581, 585–88 (3d Cir.1983); *Bronze Shields, Inc. v. New Jersey Department of Civil Service,* 667 F.2d 1074, 1085 (3d Cir. 1981), *cert. denied,* 458 U.S. 1122, 102 S.Ct. 3510, 73 L.Ed.2d 1384 (1982). In *Smith* we concluded that, given the uncertainty of the Pennsylvania limitations provisions, the absence of a definitive holding of this court applying the six-year statute to a claim of termination of employment without due process, and the support in district court opinions for concluding that the six-month or two-year Pennsylvania limitations periods might apply, there was no clear precedent on which it would have been reasonable for Smith to rely in delaying filing suit for more than two years. 764 F.2d at 194–95.

This case differs from *Smith* in that Fitzgerald alleges he was discharged in violation of his First Amendment rights whereas Smith had alleged discharge without procedural due process. The status under Pennsylvania law of actions alleging wrongful discharge for exercise of First Amendment rights thus presents a somewhat different question than that which was before us in *Smith.* In applying Pennsylvania's statute of limitations provisions before their substantial revision in 1976, we had held that a claim of wrongful failure to renew an employment contract in violation of the First Amendment was governed by the general six-year residuary provision and not the two-year personal injury limitation. *Skehan v. Trustees of Bloomsburg State College,* 590 F.2d 470 (3d Cir.1978), *cert. denied,* 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979). We reasoned that the former two-year provision was limited to claims of bodily injury, and that Skehan's claim was more analogous to a claim of economic injury in the nature of wrongful interference with a contract, for which Pennsylvania then provided no applicable specific limitation.

However, as we recently noted, the 1976 revision of the Pennsylvania statutes, effective in 1978, "undercut the precedential value" of *Skehan. See Smith v. City of Pittsburgh,* 764 F.2d at 195 n. 3. Among the changes wrought by the 1976 revision were the inclusion of certain types of economic injury in the two-year limitation provision.

We did not address the new Pennsylvania limitations provisions until early 1983. *See, e.g., Knoll v. Springfield Township School District,* 699 F.2d 137 (3d Cir.1983). Several district court decisions continued to apply a six-year limitation to actions alleging interference in employment rights in violation of the First Amendment. *See Krynicky v. University of Pittsburgh,* 560 F.Supp. 803, 810–11 (W.D.Pa.1983); *Rosenbaum v. Larson,* 552 F.Supp. 608, 609–10 (M.D.Pa.1982). Others, however, applied the revised six-month limitation, *see Clyde v. Thornburgh,* 533 F.Supp. 279, 286 (E.D. Pa.1982), or the revised two-year limitation, such as the district court here. *Cf. Krynicky v. University of Pittsburgh,* 560 F.Supp. at 810 (noting that *some* First Amendment discharge claims would be governed by two-year limitation); *Mazur v.*

*Department of Revenue,* 516 F.Supp. 1328, 1332 (M.D.Pa.1981), *aff'd mem.,* 681 F.2d 807 (3d Cir.1982) (wrongful termination without due process); *West v. Williamsport Area Community College,* 492 F.Supp. 90, 95–98 (M.D.Pa.1980) (same).

We thus conclude, as we did in *Smith v. City of Pittsburgh,* that the law was not sufficiently clear to have made it reasonable for a plaintiff to have delayed filing suit for more than two years after May 1979 in the expectation that a six-year limitation period would apply to a claim of wrongful discharge in violation of the First Amendment. The Supreme Court's decision in *Wilson v. Garcia* did not have the effect, in this situation, of overruling "clear past precedent on which litigants *may have* relied." *Chevron,* 404 U.S. at 106, 92 S.Ct. at 355 (emphasis added).

B. *Purposes of Wilson v. Garcia*

Applying the second *Chevron* factor in *Smith v. City of Pittsburgh,* we noted that the purpose of *Wilson v. Garcia* in promoting uniformity and the minimization of unnecessary litigation would be served by applying the two-year statute of limitations to all plaintiffs, if the other *Chevron* factors favored such a result. *Smith v. City of Pittsburgh,* 764 F.2d at 196. Although the policies of *Wilson v. Garcia* did not militate clearly in favor of retrospective application, we held that they did not militate against such application. *Id.* We see no reason to depart from that analysis here.

C. *The Equities of Retrospective Application*

*Chevron* also listed as the third factor to be considered the avoidance of harsh, unjust, or inequitable results. 404 U.S. at 107, 92 S.Ct. at 355. In practice, this consideration overlaps with that of the first factor, in that it would be inequitable to give retrospective application to a shortening of the limitations period that altered established law upon which plaintiff could have reasonably relied. In this case, all three of this court's cases on which Fitz-

gerald claims he "justifiably relies" for the applicability of the six year statute of limitations, *Skehan v. Trustees of Bloomsburg State College,* 590 F.2d at 476; *Davis v. U.S. Steel Supply,* 581 F.2d 335 (3d Cir. 1978); and *Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894 (3d Cir.1977), were decided under the Pennsylvania statutes of limitations before they were revised, a fact expressly noted in *Skehan.* *See* 590 F.2d at 477 n. 2.

Furthermore, Fitzgerald's claim of reliance on the six-year statute of limitations is questionable in the circumstances of this case. Fitzgerald promptly filed a law suit challenging his termination within four months after that event. Only after his motion to amend in that first action was denied did he file this action. That denial, which appears to be the precipitating event for this suit, was ordered more than two years after Fitzgerald's dismissal. It is unlikely, therefore, that he relied on any prior precedent of this court with respect to the statute of limitations in delaying the filing of the second action. In any event, because established precedent did not warrant reliance on the six year statute, we conclude it would not be inequitable or harsh to apply *Wilson v. Garcia* retrospectively to bar Fitzgerald's claim asserted in this complaint.

We express no opinion on the status of the prior action apparently still pending in the Eastern District of Pennsylvania which has been held in suspension, since that court's orders, including that denying the motion to amend that complaint, are not before us.

III.

CONCLUSION

For the reasons stated above, we will affirm the judgment of the district court dismissing this action, filed more than two years after Fitzgerald's termination, on the grounds that it was untimely filed.