Elizabeth **GOBLA**, Plaintiff,

v.

**CRESTWOOD SCHOOL DISTRICT**, et al., Defendants.

Civ. No. 82–0699.

United States District Court,
M.D. Pennsylvania.

Sept. 19, 1985.

ment cannot do other than lend a quality of impeachment to the papers that care, in the first instance, could have avoided.

See also 609 F.Supp. 972.

Francis G. Wenzel and Ralph Kates, Wilkes Barre, Pa., for plaintiff.

Harry P. Mattern and Joseph Farrell, Wilkes Barre, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

This action was originally filed by plaintiff on June 4, 1982, in which she alleged violations of 42 U.S.C. §§ 1983, 1985 and the Pennsylvania Equal Rights Amendment pursuant to her discharge as a school teacher from the Crestwood School District. Trial by jury began March 4, 1985 and on March 18, 1985, the jury returned a verdict in favor of plaintiff in the amount of $135,000.00. In special interrogatories, the jury found that plaintiff's exercise of her First Amendment right of free speech was a substantial or motivating factor in her discharge, and that, although she was sexually harassed, the harassment was not a substantial or motivating factor in her discharge on November 1, 1978. By Motion dated March 25, 1985, defendants filed for a judgment notwithstanding the verdict alleging, *inter alia*, that there was insufficient evidence to support a verdict.

During this period, the United States Supreme Court handed down the decision of *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Because the court believed that the *Wilson* case was dispositive of the issue in the instant action, the parties were requested to file supplemental briefs addressing the applicability of *Wilson*. The briefs having been filed,[1] defendants' motion is now ripe for disposition. For the reasons set forth below, the motion for judgment notwithstanding the verdict will be granted and the verdict entered in favor of plaintiff will be vacated.

## I. FACTS

Because the issue presented involves the affirmative defense of the Statute of Limi-

---

1. *See* Documents 205, 207 and 209.

tations, a recitation of the factual background of the case is necessary. Plaintiff was suspended from her teaching position at Crestwood High School on March 13, 1978. After a hearing, the Board of School Directors voted to dismiss plaintiff on November 1, 1978. The stated grounds for dismissal, all related to her teaching duties, were, *inter alia,* insubordination, failure to submit medical certification for absence, and failure to submit lesson plans. The majority of charges related to incidents of insubordination. Plaintiff took an appeal to the Pennsylvania Secretary of Education who sustained the dismissal. Plaintiff then appealed the decision of the Secretary to the Pennsylvania Commonwealth Court which upheld the Secretary's decision by an opinion rendered May 27, 1980. *See* 51 Commw.Ct. 539, 414 A.2d 772 (1980). On June 2, 1982, plaintiff sought relief in this court alleging that she was dismissed for exercising her First Amendment right of free speech and that she had been sexually harassed up until October, 1977 while teaching at Crestwood High School.[2] *See* Affidavit of Elizabeth Gobla, Document 124 of the Record, Exhibit B at 38. Defendants responded to the complaint by filing a Motion to Dismiss arguing that plaintiff's cause of action was barred by the Pennsylvania Statute of Limitations, 42 Pa.Cons.Stat.Ann. § 5522(b)(1), and that her action was barred by the doctrines of estoppel and res judicata.

By Memorandum and Order dated September 30, 1983, this court denied defendants' Motion to Dismiss. The court held, *inter alia,* that defendants' statute of limitations argument failed in light of the recent decision handed down by the Court of Appeals for the Third Circuit in *Knoll v. Springfield Township School District,* 699 F.2d 137 (3d Cir.1983). In *Knoll,* our Court of Appeals determined that Pennsylvania's residuary six-year statute of limitations should be applied because it would better serve the federal policy underlying federal civil rights actions than would the shorter six-month statute of limitations governing employment discrimination actions brought against government officials. *Knoll,* however was vacated and remanded by the Supreme Court, *see* 105 S.Ct. 2065, in light of the Court's recent decision, *Wilson v. Garcia.*

## II. DISCUSSION

■ This court must consider the effect of the Supreme Court's decision in *Wilson.* In *Wilson,* the Court held that claims brought pursuant to 42 U.S.C. § 1983 are best characterized as personal injury actions and, thus, the state statute of limitations for personal injury actions must be applied uniformly to all Section 1983 actions. In Pennsylvania, the statute of limitations for personal injury actions is two years. 42 Pa.Cons.Stat.Ann. § 5524(2).

After *Wilson v. Garcia,* our Court of Appeals addressed the issue of retrospective application of *Wilson* in *Smith v. City of Pittsburgh,* 764 F.2d 188 (3d Cir.1985). After careful consideration, our Court of Appeals determined that *Wilson v. Garcia* should be applied retrospectively. In *Smith,* the court concluded that:

> Given the uncertainty of the Pennsylvania limitations provisions, the absence of a definitive holding of this court applying the six-year statute to a claim of termination of employment without due process, and the support in the district court opinions for concluding that the six-month or two-year Pennsylvania limitations periods might apply, there was no clear precedent on which it would have been reasonable for [plaintiff] to rely in delaying filing suit for more than two years.

*Fitzgerald v. Larson,* 769 F.2d 160, 163 (3d Cir., 1985) (citing *Smith, supra* at 194–95).

---

2. Plaintiff had never raised these issues before the School Board, the Secretary of Education or the Commonwealth Court. Her principal argument before the Commonwealth Court was that because some of the incidents charged in her dismissal proceedings occurred prior to her ear- lier March, 1978 suspension hearings, those incidents could not form part of the basis for her dismissal. These items, plaintiff contended, were unlawful double punishment for the same conduct. 51 Commw.Ct. 539, 414 A.2d 772 (1980).

In *Smith*, the plaintiff had argued that he had been dismissed in violation of his right to procedural due process. In the case, *sub judice*, however, plaintiff has alleged she was discharged in violation of her First Amendment rights. Our Court of Appeals has addressed this issue as well in *Fitzgerald v. Larson, supra* and held that *Wilson v. Garcia* applied retrospectively to claims alleging wrongful discharge for exercise of First Amendment rights.

With the law clearly set forth, the court turns to plaintiff's arguments which resist a finding that her claim is time-barred. Plaintiff's first argument is that *Wilson v. Garcia* should not be given retrospective application. This argument is clearly foreclosed by the Third Circuit's decisions in *Smith* and *Fitzgerald, supra.*

Plaintiff's remaining arguments require more discussion. First, it is argued that defendants did not raise the affirmative defense of the Statute of Limitations in a timely manner,[3] and second, that plaintiff filed her complaint within the two-year Pennsylvania personal injury statute of limitations. *See* 42 Pa.Cons.Stat.Ann. § 5524(2). The court will address these issues *seriatim*.

Plaintiff argues that defendants have waived raising the two-year statute of limitations pursuant to 42 Pa.Cons.Stat.Ann. § 5524 because defendants only raised the six-month statute of limitations pursuant to 42 Pa.Cons.Stat.Ann. § 5521(b). *See* Document 3 and 8 of the Record. Thus, plaintiff's argument is that by raising only that a six-month statute of limitations was applicable to the action, defendants are now precluded from asserting that a two-year limitations period should be applied.

The court is not persuaded by this argument. The cases plaintiff cites in support are inapposite in that those cases involved a situation in which the defendant failed to plead the affirmative defense at all or failed to raise the defense until just before or during trial. *See e.g., Peterson v. Air Line Pilots Assoc. Internat.*, 759 F.2d 1161 (4th Cir.1985); *Trio Process Corp. v. L. Goldstein's Sons, Inc.*, 461 F.2d 66 (3d Cir.1972); *Evans v. Syracuse City School District*, 704 F.2d 44 (2d Cir.1983).

■ Before *Wilson* was decided, the first step in selecting the applicable state statute of limitations was to characterize the essential nature of the federal action. *Wilson v. Garcia*, 731 F.2d 640, 642 (10th Cir.1984), *aff'd*. ── U.S. ──, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (citations omitted). The court then has to determine which state limitations period is applicable to this characterization. *Id*. This court does not interpret the analysis as restricting the court to choose only the limitations period advanced by the parties. Rather, once the issue of the statute of limitations period has been raised, the *court* makes the determination of the appropriate limitations period. For example, the defendants in *Garcia* raised a two-year limitations period as a defense in the district court. The district court, however, held that a four-year limitations period was more appropriate. *Wilson, supra* 731 F.2d at 651. On appeal, the Tenth Circuit court held a three-year personal injury limitations period should apply in Section 1983. Thus, the court is not bound to choose only the particular limitations period advanced by the parties. Rather, the *court* chooses the applicable period after appropriate analysis, once the issue has been raised. Because defendants raised the statute of limitations as a defense immediately, they are free to re-assert that defense in light of the fact that the precedent this court relied upon has been vacated. *See Knoll, supra*. The court rejects plaintiff's argument that de-

---

**3.** Plaintiff also contends that only the individual defendants, as individuals and members of the Crestwood School Board, raised the defense of the Statute of Limitations and Crestwood School District, as a defendant, did not raise the defense. The court notes, however, that any liability that could be imposed upon the School District is necessarily dependent upon the liability of the individual defendants. If no action may be sustained against the individual defendants and the Crestwood School Board, then there is no viable action left against the School District.

fendants are limited to asserting only a six-month limitations period.[4]

Having concluded that defendants are not barred from raising the statute of limitations period, the court turns to plaintiff's second argument that her claims were timely filed.

A. First Amendment

■ As stated *infra,* the Third Circuit Court of Appeals held that the two-year statute of limitations should be applied retrospectively to claims of wrongful discharge. Plaintiff urges this court to find that her First Amendment claim was timely filed, in that she did not discover she was fired for outspokenness until February 13, 1981. According to plaintiff, she was unaware of any First Amendment issue until it was disclosed to her by Mary Redgate on February 13, 1981. A careful review of Redgate's trial testimony, however, reveals that Redgate offered no support to plaintiff's theory that she was fired for exercising her right to free speech, *viz.* speaking out on kick-backs of school rings or writing to the newspaper criticizing the School Board.[5] Rather, Redgate's testimony did not even address these issues and was directed principally to her part in collecting harmful data on plaintiff's teaching activities which ultimately were utilized by the School Board to support plaintiff's discharge. Thus, the court does not find persuasive evidence that the statute of limitations period should be tolled under these circumstances. The burden of establishing that the statute of limitations should be tolled is placed upon the party asserting it. Plaintiff has not set forth any factual support for her allegation that she was unaware of her First Amendment claim. As a result, her cause of action accrued on the date of her discharge, November 1, 1978. Because plaintiff did not file her federal action until June 4, 1982, her action is time-barred pursuant to *Wilson v. Garcia* and *Fitzgerald v. Larson, supra.*

B. Sexual Harassment

■ Plaintiff's claim for sexual harassment is also time-barred in that by plaintiff's own account, all harassment stopped in October, 1977. *See* Affidavit of Elizabeth Gobla, Document 124 of the Record, Exhibit B at 38.[6] Thus, her claim for sexual harassment is barred as well. Moreover, the jury decided against the plaintiff on the issue of sexual harassment, finding that the harassment was not a substantial or motivating factor in her discharge.

C. Conspiracy

■ To the extent plaintiff may be arguing that her conspiracy claim is still viable, that argument is rejected. Defendants are

---

4. This conclusion is buttressed by the reasoning of the *Wilson v. Garcia* court in holding that all Section 1983 actions should be subject to the state's personal injury statute. The purpose of the decision was to establish uniformity, at least within a state, regarding civil rights actions—a purpose clearly defeated by plaintiff's reasoning.

5. Plaintiff seizes on the language in the Memorandum and Order dated September 30, 1983, *see* Document 29 of the Record, in which the court stated, with regard to defendants' *res judicata* argument: "The plaintiff's allegations, as well as the Redgate deposition, *indicate* that plaintiff was not aware of the alleged constitutional violations until 1981, well after the Commonwealth had rendered its decision." *Id.* at 7 (emphasis added). That statement, however, was in the context of a motion for summary judgment whereby all the well-pleaded allegations of plaintiff were taken as true and all doubts resolved in favor of plaintiff. At this point in time, however, a trial has been completed and the parties have presented all of their evidence. The evidence presented at trial demonstrated that the free speech issue, upon which plaintiff prevailed before the jury, was fully known to her at the time of her discharge. The ring incident occurred in May, 1976, *see* Gobla Affidavit and Chronology, Volume 1, Document 124 of the Record at 19 and the newspaper article on March 28, 1978, *id.* at 74, well in advance of her discharge on November 1, 1978. There is simply no evidence that Mary Redgate's discussion with plaintiff in February, 1981 informed plaintiff of a First Amendment claim.

6. Plaintiff in oral argument maintained that the court cannot consider this information because it was not introduced at trial. There is no merit to this argument. Plaintiff cannot urge the court to disregard submissions filed by the plaintiff as of record which were entitled "Gobla Affidavit, Chronology and Exhibits."

correct in maintaining that plaintiff is foreclosed from advancing this claim. Because testimony was minimal on this issue, the court did not submit the issue to the jury. Plaintiff did not object and pursuant to Fed.R.Civ.P. 49(a), she is precluded from asserting the conspiracy claim is still viable. Additionally, the verdict in favor of plaintiff was premised solely on the free speech issue which was unrelated to any class-based or gender-based animus.

## III. CONCLUSION

In conclusion, the court finds that defendants timely asserted the defense of the statute of limitations. In light of *Wilson v. Garcia* and *Fitzgerald v. Larson, supra,* plaintiff's claims of First Amendment violations and sexual harassment are time-barred. It is unfortunate that after a verdict is entered by a jury, it must be set aside. This court is constrained, however, to follow controlling case law of the United States Supreme Court and United States Court of Appeals for the Third Circuit. The verdict in favor of plaintiff and against defendants will be vacated.

An appropriate Order will enter.

