Virginia ANDERSON, Plaintiff,

v.

UNIVERSITY HEALTH CENTER OF PITTSBURGH, Defendant.

Civ. A. No. 84–3070.

United States District Court, W.D. Pennsylvania.

Oct. 28, 1985.

Virginia E. Anderson pro se.

James Thomas Jr., Martha Hartle
Munsch, Reed, Smith, Shaw & McClay,
Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff is a black female who brings this action under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) and 42 U.S.C. § 1981. She alleges that she was discharged because of her race and sex.

Defendant now moves for summary judgment. The matter has been extensively discovered and the defendant's motion is fully supported by evidentiary materials and brief. Defendant has not submitted any Response to the motion, but relies entirely on a brief in opposition which makes reference to certain parts of the discovery materials supplied.

■ Defendant moves to dismiss the plaintiff's claim under 42 U.S.C. § 1981 as being barred by the statute of limitations. There can be no disputed issue of fact here. Plaintiff alleges a discharge from employment on September 20, 1982. The complaint was filed December 26, 1984. More than two years passed before the complaint was filed. Our Court of Appeals has mandated the Pennsylvania two-year statute of limitations for tort actions as the appropriate time limit for civil rights actions under 42 U.S.C. § 1983; there is no reason why the same rule should not apply to Section 1981 actions. *Knoll v. Springfield Township School District,* 763 F.2d 584 (3d Cir. 1985); *Smith v. City of Pittsburgh,* 764 F.2d 188 (3d Cir.1985). This follows the Supreme Court's determination in *Wilson v. Garcia* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) and *Springfield Township School District v. Knoll,* —— U.S. ——, 105 S.Ct. 2065, 85 L.Ed.2d 275 (1985) that claims under the Civil Rights Acts (42 U.S.C. § 1981 et seq.) are characterized as personal injury actions to be governed by state limitation periods for personal injuries. The claim under 42 U.S.C. § 1981 is therefore dismissed.

The remaining claims of race and sex discrimination are raised under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.). Plaintiff has satisfied the

administrative procedures timely, received a right to sue letter from the EEOC, after its finding of no probable cause, and timely filed this suit.

The procedural standards for considering Title VII claims as set by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) apply here.

While the first procedural stage requires plaintiff to establish a prima facie case of discrimination, we need not be concerned with this step in this motion because the defendant has assumed this step by coming forth with the evidentiary material articulating a legitimate, non-discriminatory reason for the discharge.

> [w]here the defendant has done everything that would be required of him if the plaintiff had properly made out a prima facie case, whether the plaintiff really did so is no longer relevant.

*United States Postal Service v. Aikens*, 460 U.S. 711, 715, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983).

Further, even if plaintiff did establish a prima facie case, this does not preclude the entry of summary judgment for the defendant. *Graham v. F.B. Leopold Co., Inc.* 602 F.Supp. 1423 (W.D.Pa.1985).

Defendant has presented extensive evidentiary material including deposition testimony, affidavits and documents, setting forth a legitimate, non-discriminatory and non-retaliatory reason for plaintiff's discharge. These are multifaceted and chiefly involve the testimony, documents and affidavit of her immediate supervisor, the person who made the decision to discharge her. She was not qualified or able to do the work that her supervisors had a right to expect of her and she was deficient in her supervisory abilities. Some of these deficiencies were admitted by plaintiff in her own deposition. These matters were brought to plaintiff's attention, and she was advised and counseled about the performance of her duties.

The burden of proof always remains with the plaintiff to show discrimination. *Jackson v. U.S. Steel Corp.*, 624 F.2d 436 (3d Cir.1980). The burden of producing evidence after plaintiff has established a prima facie case merely shifts to the employer to produce evidence of legitimate, non-discriminatory reasons. This the defendant has done.

The burden of coming forth with evidence now shifts to plaintiff. The plaintiff must come forth with evidence to show that defendant's reasons are pretexts for discrimination. *Pierce v. New Process Co.*, 580 F.Supp. 1543 (W.D.Pa.1984), *affd. p.c.* 749 F.2d 27 (3d Cir.1984).

■ Plaintiff has presented no evidence that raises a contested issue of fact that race played a role in her termination. While she points to the fact that three black women worked in her department and now there are none does not prove that the employer's reasons for her discharge was a pretext. The testimony of one black co-employee showed that she left voluntarily; the other black employee was terminated later. This is not relevant;

> It is only the facts existing at the time of Defendant's decision and leading up to that decision which are relevant to the question of whether Defendant unlawfully discriminated against Plaintiff when it made its decision.

*Golletti v. ARCO Polymers, Inc.*, 32 F.E.P. Cases 1796 (W.D.Pa.1983). *See also Johnson v. Yellow Freight Systems, Inc.*, 734 F.2d 1304 (8th Cir.1984).

This instance is statistically insufficient to raise an inference that Plaintiff's discharge was due to her race.

Further, the fact that plaintiff was replaced by a white woman of less experience is not sufficient to create an issue of fact that race was the motive for plaintiff's discharge, or that the employer's reasons are pretextual. There is no requirement that a minority employee be replaced by a minority person.

■ Plaintiff's claim of sexual harassment involves allegations of certain remarks and a touching by Dr. Eaglstein. These were denied. Plaintiff's proofs fail to establish any nexus between these alleged remarks and her termination. Dr. Eaglstein was not her immediate superior nor the one who made the decision to terminate her. Plaintiff again has failed to offer evidence to create an issue of fact that her discharge was due to her rejection of any sexual advances. The proffered evidence, even if believed, fails to create a doubt as to employer's motivation in the light of the great body of evidence supplied of a proper basis for plaintiff's termination. There is no evidence to show that plaintiff's job was dependent upon her response to any alleged sexual advances.

■ Plaintiff's argument of evidence of an alleged sexual relationship between her supervisor and a co-worker is also irrelevant. It has been denied by both parties to the alleged relationship, but we are not weighing credibility here, we are searching for a relevant issue. It cannot create a racial issue, because the co-worker was also black. Further, it was not shown that the co-worker was favored, promoted, or replaced plaintiff.

■ Finally, plaintiff presents a claim for retaliation because plaintiff consulted the Pennsylvania Human Relations Commission. Plaintiff did not file a charge at that time, and plaintiff presented no evidence that her supervisor was aware of this consultation before the termination.

Finally, plaintiff's brief argues discrepancies between testimony of different witnesses deposed as constituting an issue of fact. These discrepancies do not refer to material matters. While plaintiff and plaintiff's witnesses assert their opinion that plaintiff's performance was adequate, we find this insufficient to establish pretext. See *Smith v. Flax*, 618 F.2d 1062 (4th Cir.1980).

Ultimately we are not concerned with the preponderance of the evidence in this summary judgment, but rather whether plaintiff has produced any evidence to show that the employer's reasons for the discharge were pretextual, either as to plaintiff's race, her sex or as to retaliation. Nothing that plaintiff has argued from the evidence is sufficient, as a matter of law, to create an inference that she was not discharged because of job performance, but because of her race, or sex, or in retaliation.

### ORDER

October 28, 1985, having considered defendant's motion for summary judgment, its supporting evidentiary materials and briefs, and plaintiff's response thereto, and finding no genuine issue of material fact, it is ORDERED that:

1. Plaintiff's claims for violation of 42 U.S.C. § 1981 are DISMISSED as barred by the statute of limitations.

2. Summary Judgment is hereby ENTERED for defendant on all claims of plaintiff's complaint.

3. JUDGMENT is hereby entered for defendant on its counterclaim for costs and expenses, including attorney's fees. Defendant shall submit its verified Petition setting forth expenses and fees claimed on or before November 8, 1985.